[No. 11400.   Department Two. — August 26, 1886.]

MARION BIGGS, RESPONDENT, *v.* CHARLES R. LLOYD ET AL.   CHARLES R. LLOYD, APPELLANT.

JURY TRIAL — RIGHT TO WHEN NOT WAIVED — FAILURE TO DEMAND — RULE OF COURT. — The right to a jury trial is not waived by neglecting to demand a jury at the time the case is called to be set for trial, notwithstanding a rule of court that a jury shall then be demanded.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. S. Goodfellow*, and *R. C. Long*, for Appellant.

*Gray & Sexton*, and *Hundley & Gale*, for Respondent.

McKEE, J. — This is an appeal from a judgment and an order denying a new trial in an action arising on contract.

When the case was called for trial on the 16th of April, 1885, the day for which it had been set for trial, defendants demanded a jury, but the court refused to grant the demand, and proceeded, against the objections and ex-

ceptions of the defendants, to hear and. determine the case without a jury. The refusal was made on the ground that the defendants had waived a jury trial by not demanding a jury in the mode prescribed by the rules of the court. The rules of the court were as follows:—

"The first Monday in every month shall be termed 'law day.'

"And if a jury is desired, it shall be demanded on the law day when the case is set for trial."

The rules of the court also provided, "a jury shall be drawn for the Monday succeeding law day. All cases for trial by jury shall be tried before drawn juries."

The law day of the court for April, 1885, occurred on Monday, the 6th of April. On that day the cause was regularly called to be set for trial, and it was set down for the 16th of April at the hour of ten o'clock, A. M. The defendants did not then demand a jury, and the court did not draw or order a jury to be drawn for the trial of the cause.

Did the failure by defendants to demand a jury on the law day constitute a waiver of their right to a trial jury on the day for which the cause was set for trial? We think not. For the court had no power to declare by its rules what shall constitute a waiver of a constitutional right; and the rules themselves do not declare that the failure to demand a jury in a case upon the calling of the case on the law day to be set for trial shall amount to a waiver.

The constitution ordains: "A trial by jury may be waived . . . . in civil actions by the consent of the parties, signified in such manner as may be prescribed by law." (Const., art. 1, sec. 7.) Section 631 of the Code of Civil Procedure declares:—

"Trial by jury may be waived by the several parties to an issue of fact arising on contract, or for the recovery of specific, real, or personal property, with or without damages, and with the assent of the court in other actions,

in manner following: 1. By failing to appear at the trial; 2. By written consent in person, or by attorney, filed with the clerk; 3. By oral consent in open court, entered in the minutes."

These are the only ways in which the right to a jury trial shall be deemed waived; it cannot be waived in any other way.

The defendants did not fail to appear at the trial; they appeared and demanded a jury trial; and as they had not consented to waive their right in the mode prescribed by the law, the court erred in denying the right.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., and THORNTON, J., concurred.