[No. 11617.   Department Two. — August 1, 1887.]

E. CONNEAU, Respondent, *v.* S. W. GEIS, Appellant.

Jury Trial — Payment of Jury Fees in Advance — Rule of Court may Require. — A rule of the Superior Court requiring a party demanding a trial by jury to deposit the jury fees with the clerk in advance of the trial is a reasonable regulation of the mode of enjoyment of the right of trial by jury, and is not a denial or impairment of the right; and the party demanding a jury trial, upon refusing to comply with the rule, waives his right to a jury.

Escrow — Failure of Grantor to Perform Condition — Subsequent Purchaser with Notice. — Where a deed is deposited in escrow on the condition that it should be delivered by the depositary to the grantee named therein upon the expiration of a stated period, unless the grantor within that time should pay the grantee an indebtedness due to him, the grantor has no right, without paying such indebtedness, to make a subsequent deed to a third person, and if he does so, the second grantee, having notice of the escrow, acquires no title as against the prior grantee.

Appeal from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The action was brought to recover the possession of certain land. Each party claimed title to the premises under Manning and Steffin, who were the owners thereof prior to the execution of the deed to the plaintiff. The further facts are stated in the opinion.

*S. W. Geis, in pro. per.*, and *Frank H. Farrar*, for Appellant.

*Wright & Hazen*, for Respondent.

HAYNE, C.—The defendant demanded a trial by jury, but failed to deposit the sum of twenty-four dollars, which according to its rules the court required to be deposited with the clerk as jury fees before the commencement of the trial. The case was thereupon tried without a jury, and judgment rendered for the plaintiff. The first question is, whether the court could rightfully require the advance of this sum. We think that the advance of the fees was a reasonable regulation of the mode of enjoyment of the right of a jury trial; and that the making of such a regulation cannot be said to be a denial or impairment of the right.

The expense of a jury demanded by a party is expense incurred on his behalf, and at his instance. It is reasonable and just that he should bear this expense; and it always has been the law and the practice to collect it from one or the other of the litigants. The point is not and could not be that the court had no right to make the parties pay it, but that it could not be collected in advance. But if the court has the right to make the parties pay, it does not seem that the time of its collection is of such importance as to change the character of the requirement. A rule requiring the fee to be paid in advance is a reasonable precaution to prevent the jurors from being defrauded by unscrupulous parties, and to prevent the demand of a jury being used as a pretext to obtain continuances, and thus trifle with justice. The

right to bring suit, and the right to appeal to a higher court, are as fully secured by the constitution as the right to a trial by jury; yet it has always been the practice to collect the fees therefor before the suit is commenced or the record on appeal is filed. And we do not see how such a proceeding impairs the right in the one case any more than in the other. If the court has a right to require the payment of a jury fee in advance, the refusal to pay it is the refusal to have a jury trial; and since this is the party's own act, he cannot be said to be deprived of anything. Upon analogous principles it was held, even in a criminal case, that where after a demurrer a defendant refused to plead, such refusal was a refusal of a jury trial or any trial, and that judgment should be entered against him without further ceremony, the court, *per* Sanderson, C. J., saying: "The intent of the constitution is to secure every person charged with crime a fair and impartial trial by jury, but not to place it in his power to evade a trial altogether." (*People* v. *King*, 28 Cal. 266.)

The authorities in other states bear out the proposition that the making of a reasonable regulation of the mode of enjoyment of the right of trial by jury is not a denial or impairment of the right. Thus in *Biddle* v. *Commonwealth*, 13 Serg. & R. 410, the provision was for a trial in the first instance before a magistrate, without a jury, but upon complying with the requisite conditions the party could appeal to a higher court, where the case was to be tried by a jury. The condition of the appeal was, that the party should make affidavit that "he verily believed injustice had been done him, and that the appeal was not made for the purpose of delay." The court held that there was no impairment of the right of trial by jury, and Tilghman, C. J., delivering the opinion, said: "Laws such as these promote justice, and leave the substance of the trial by jury unimpaired, and that is all that is required by these expressions in the constitu-

tion." A similar ruling was made in *Keddie* v. *Moore*, 2 Murph. 45, in which case the condition was that the party should give a bond, the court, *per* Locke, J., saying: "The party wishing to appeal may be subjected to some inconvenience in getting security, but this inconvenience does not in this nor in any other case where security is required amount to a denial of the right." A similar ruling was made in *Beers* v. *Beers*, 4 Conn. 539, the court, *per* Hosmer, C. J., saying: "A law containing arbitrary and unreasonable provisions, made with the intention of annihilating or impairing the trial by jury, would be subject to the same considerations as if the object had been openly and directly pursued. But on the other hand, every reasonable regulation made by those who value this palladium of our rights, and directed to the attainment of the public good, must not be deemed inhibited, because it increases the burden or expense of the litigating parties. Such a degree of morbid sensibility may be excited on this subject as to generate an opinion that the legal requisition of a bond, the increase of jurors' fees, and other trivial changes, although imperiously demanded to promote justice and the general convenience, if they only operate to subject the trial by jury to a burden not unreasonable, are a violation of the constitution. . . . . As the interests of a state, however, do not essentially depend on the existence of one right only, but on many, it is proper to preserve them generally, and not to sacrifice one important consideration to another equally important." And similar decisions have been made in other cases. (See *Jones* v. *Robbins*, 8 Gray, 341; *Flint River etc. Co.* v. *Foster*, 5 Ga. 195; S. C., 48 Am. Dec. 248; *Morford* v. *Barnes*, 8 Yerg. 446.)

The foregoing cases seem to us to proceed upon the principle above stated, viz., that a reasonable regulation of the mode of enjoyment is not a denial or impairment of the right, although, in the cases referred to, the regu-

lation was not the prepayment of the jury fees. But in *Adams* v. *Corriston*, 7 Minn. 456, the precise point was decided. The court below refused a jury trial because the defendant declined to advance a jury fee of three dollars, and tried the case without a jury. On appeal, this was held to be proper, the court, *per* Emmet, C. J., saying: "The objection to the jury fee we do not think is well taken. It is altogether too broad. It is not that the fee is so unreasonably high as to impede the due administration of justice, but because a fee is charged at all.

"We can see no valid objection to a reasonable fee of this kind. The constitution does not guarantee to the citizen the right to litigate without expense, but simply protects him from the imposition of such terms as unreasonably and injuriously interfere with his right to a remedy in the law, or impede the due administration of justice. And that a party who demands a trial by jury should be required to advance a small jury fee, whether it is considered as a tax on litigation or as a part of the expense which is necessarily incurred in his behalf, seems no more liable to a constitutional objection than is the requirement that the fees of the clerk, sheriff, and other officers shall be paid in advance when demanded. If the clause in the constitution means that we shall be permitted to litigate literally 'without price,' there is an end to all fees, from the issuing of summons to the entry of satisfaction of the judgment." (And see also *People* v. *Hoffman*, 3 Mich. 248; *Randall* v. *Kehlor*, 60 Me. 44, 45; *Venine* v. *Archibald*, 3 Col. 165.)

If it be objected that a regulation might be made which would amount to a denial of the right, the answer is, that when such shall be the case, the court will doubtless afford the appropriate remedy.

Upon the merits, the case turned upon the delivery of a deed to the plaintiff. The deed, which was in consideration of a prior indebtedness (*Schulter* v. *Harvey*, 65 Cal. 159), was left with one Perley in escrow. There is

a conflict in evidence as to what the condition was. One of the grantors testified on behalf of the defendant as follows: " The contract was, that if in thirty days I made a sale of the property, the deed was to be given to me, and if I did not, it was to be delivered to Conneau." On the other hand, Perley testified as follows: " It was left with me by consent of all parties to be delivered to Conneau in case Manning and Steffin failed to sell the land in thirty days *and pay the money;* . . . . the transaction was a complete and fair understanding; the deed was delivered to me, to remain in my possession for thirty days, and in case they then failed to pay Conneau his mortgage within that time, it was to be delivered to him." In view of this conflict, it must be taken from the findings in favor of the plaintiff that the payment of plaintiff's indebtedness was part of the condition upon which the deed was to be ineffectual. And since the money was not paid, Manning and Steffin had no right to make a second deed to the defendant, who took with notice of the escrow.

We therefore advise that the judgment and order be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, judgment and order are affirmed.

Hearing in Bank denied.