[No. 13178. ' Department One. — March 3, 1891.]

# G. H. SWASEY, RESPONDENT, v. CHARLES H. ADAIR, ET AL., DEFENDANTS, AND O. ADAIR, APPELLANT.

88  179
119  248

88  179
1130 642

88  179
c137 541

TRIAL — LEGAL DEFENSE — TRIAL BY JURY. — The court does not acquire the right to pass upon a legal defense without a jury trial by virtue of being first called upon to dispose of an equitable defense; and if the trial of the equitable defense does not obviate the necessity of a trial of the issues of law, they must be tried in the same manner as if no equitable defense had been interposed.

ID. — EQUITABLE DEFENSE — HOW CONSTITUTED — EQUITABLE RIGHT OF ACTION. — It is not every defense of an equitable nature which may be interposed to an action at law which must be tried by the court before proceeding to a trial of the issues of law, but only such a defense as is properly an equitable right of action existing in behalf of the defendant which he might have asserted in an independent suit brought by him against the plaintiff for the purpose of enforcing such right, but which he can rely upon as a defense in an action involving the same subject-matter brought against him by the plaintiff.

ID. — PLEADING OF EQUITABLE DEFENSE. — The party relying upon such equitable defense must plead it with the same fullness and particularity as is required in cases involving like subjects of inquiry in suits in equity; and his answer, being in the nature of a bill in equity, must contain all the essential averments of such a bill.

ID. — DEFENSE IN REPLEVIN — CLAIM OF TITLE — LEGAL ISSUE. — In an action for the recovery of personal property, a claim in the answer that the defendant is the owner of the property is merely a mode of denying the plaintiff's title, and presents only a legal issue as to the title of the property.

ID. — SEPARATE ANSWER — CONSPIRACY AND DECEIT — DAMAGES — EQUITABLE DEFENSE. — A second count of the answer, setting forth separately an alleged conspiracy and deceit practiced upon the defendant by the plaintiff and others in relation to the property in controversy, and claiming damages therefor, presents no equitable defense which the court is justified in trying separately before trial of the other issues.

ID. — WAIVER OF JURY TRIAL — REPETITION OF DEMAND. — A jury can only be waived in one of the modes prescribed in section 631 of the Code of Civil Procedure; and the failure of the defendant to make a second demand for a jury trial after the court had denied a written application therefor upon the ground that the answer presented an equitable defense, does not preclude the defendant from making objection, on appeal, to the action of the court in trying the case without a jury.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John F. Burris,* and *J. M. Kinley,* for Appellant.

The court erred in refusing to grant the appellant's demand for a jury. The action was at law, and the right to a jury trial was unquestionable. (Freeman on Judgments, sec. 607; Code Civ. Proc., secs. 592, 631.)

*C. K. Royce,* for Respondent.

HARRISON, J. — The complaint herein is in the ordinary form of an action for the recovery of the possession of certain personal property. When the cause came on for the trial, the appellant demanded a jury, and her application was denied by the court, " on the ground that the defense set up was an equitable defense, and should be tried by the court in the first instance." The correctness of this ruling is the principal error presented on this appeal.

It has been stated by this court in many cases that when the defendant interposes equitable and legal defenses to the complaint, the proper rule of procedure for the court is to hear and dispose of the equitable defense before proceeding to try the issues of law. (*Arguello* v. *Edinger,* 10 Cal. 160; *Estrada* v. *Murphy,* 19 Cal. 273; *Weber* v. *Marshall,* 19 Cal. 457; *Lestrade* v. *Barth,* 19 Cal. 671; *Martin* v. *Zellerbach,* 38 Cal. 319; 99 Am. Dec. 365; *Fish* v. *Benson,* 71 Cal. 434.) By making an equitable defense in such action the defendant does not, however, lose any right which he would otherwise have to have the issues of law tried by a jury, nor does the court, by virtue of being called upon, under the above rule, to first hear and dispose of the equitable defense, acquire the right to pass upon all the issues in the case without a jury. It may happen in many cases that the result of the trial of the equitable defense will obviate the necessity of a trial of the legal issues. The trial may dispose of all of the issues in the case, or the equitable relief granted may be

such as to prevent the trial of the issues at law, as was the case in *Bodley* v. *Ferguson*, 30 Cal. 511. But whenever the trial of the equitable defense does not have such result, and the issues at law remain undisposed of, these issues are to be tried in the same manner as if no equitable defense had been interposed. In *Arguello* v. *Edinger*, 10 Cal. 160, the court says: "If upon hearing the evidence the court should determine there was ground for relief, it would enjoin the further prosecution of the action with its decree for a specific performance; and on the other hand, if it should refuse the relief, it would call a jury to determine the issue upon the general denial." In *Weber* v. *Marshall*, 19 Cal. 457, the court says: "The parties are entitled to a trial by jury upon the legal issues." In *Lestrade* v. *Barth*, 19 Cal. 671, it is said: "The equitable defense should, therefore, be first passed on by the court, as according to the determination of the claim of the defendant to the relief he seeks will the necessity of proceeding with the action at law depend." In *Martin* v. *Zellerbach*, 38 Cal. 319, 99 Am. Dec. 365, the court says: "The more regular and orderly practice in such cases clearly is, first to dispose of the equitable defenses set up in the answer. If these are found for the defendant, it will obviate in most cases the necessity of trying the law side of the action. But if found against the defendant, he still has the right to be heard on his other defenses."

It has never been held, however, that every defense of an equitable nature that may be interposed to an action at law must be heard and determined by the court before proceeding to try the issues at law. Such a rule of practice would, in many instances, be inconvenient, and would tend to embarrass rather than facilitate the trial of the cause. The cases in which the rule has been laid down were cases in ejectment in which the defendant asserted such a controlling equity as, if ripened into a decree, would prevent the plaintiff from asserting his

legal claim. The equitable defense which is referred to in the rule is properly an equitable right of action existing in behalf of the defendant which he might have asserted in an independent suit brought by him against the plaintiff for the purpose of enforcing such right, but which under our system he can also rely upon as a defense in an action involving the same subject-matter brought against him by the plaintiff. The party relying upon such equitable defense must, however, plead it with the same fullness and particularity as is required in cases involving like subjects of inquiry in suits in equity. His answer, being in the nature of a bill in equity, must contain all the essential averments of such a bill. He then becomes an actor with respect to the matters alleged by him, and his defense must be of such a character as may be ripened into a decree in his favor. (*Estrada* v. *Murphy*, 19 Cal. 273; *Davis* v. *Davis*, 26 Cal. 39; 85 Am. Dec. 157; *Carpentier* v. *Oakland*, 30 Cal. 443; *Bruck* v. *Tucker*, 42 Cal. 352.)

It is very clear, upon an inspection of the answer in the present case, that there was no equitable defense presented thereby which, within the foregoing principles, authorized the court to insist that it should be "tried by the court in the first instance," or that would justify the court in proceeding to try it in advance of a trial of the issues at law. Not only do the facts alleged fail to show such equitable defense, but it is with much force urged that the only issues presented by the answer are the title of the plaintiff to the property sued for and its value. In the first portion of the answer, the facts alleged present no other issue than the claim of the defendant that she was herself the owner of the property, which is only another mode of denying the plaintiff's title. (*Thompson* v. *Thompson*, 52 Cal. 154.) The "separate and distinct answer" which the appellant sets up under the head of "Second Count" is more in the nature of a counter-claim for damages arising from an alleged conspiracy

and deceit practiced towards her by the plaintiff in connection with others.

It further appears from the record that after the court had made the above ruling, the appellant's attorney stated to it that he had no evidence to offer in support of the answer, excepting upon the question of the value of the property; and thereupon the court proceeded to the trial of the issues presented by the complaint. It was urged at the argument that as the appellant did not after such ruling again demand a jury, she is now precluded from making an objection to the action of the court. It was not necessary, however, that she should make any demand for a jury. This was secured to her by the provisions of section 592 of the Code of Civil Procedure, unless a jury trial should be waived by her in one of the modes prescribed in section 631 of the Code of Civil Procedure. Not only did she not waive it in any of these modes, but she had filed a written demand for a jury, and this must be held to be a continued refusal to waive her right thereto. After the court had once denied her application, it was not necessary for her to repeat the demand. The action of the court thereafter in proceeding to try the cause without a jury was under her exception.

In view of what is stated above, this ruling of the court was erroneous, and for this error, its judgment and order denying a new trial must be reversed, and it is so ordered.

PATERSON, J., and GAROUTTE, J., concurred.