[No. 18394.   Department Two.—August 9, 1895.]

# BANK OF LASSEN COUNTY, RESPONDENT, *v.* JOSIAH SHERER, APPELLANT.

DISQUALIFICATION OF JUDGE—OWNERSHIP OF STOCK BY RELATIVE.—In an action by a bank upon promissory notes, where it does not appear that the judge owned any of the stock of the bank, and it does appear that his uncle, who at one time had owned two shares of the stock, had sold it before the commencement of the action, the judge is not disqualified from trying the action.

EXISTENCE OF CORPORATION—AVERMENTS OF COMPLAINT AND ANSWER—CONTRADICTORY FINDINGS.—Where the complaint avers that the plaintiff is a corporation, and the defendant avers the same fact in the answer, a general finding that the averments of the complaint are true and the averments of the answer untrue will not require a reversal of the judgment for contradictory findings, there being no issue as to the existence of the corporation.

DEMAND FOR A JURY—DEPOSIT OF JURY FEES—RULE OF COURT.—The court may require the party demanding a jury to deposit the fees for the jury, in accordance with a rule of the court.

EXECUTION OF NOTE—MISSPELLING OF NAME—INDORSEMENT.—In an action upon a note executed by the defendant payable to his own order, and which was indorsed by him in blank, the fact that in signing the note at the bottom he left a letter out of his name can make no difference, where it appears that he executed the note, and that in the indorsement the name was properly spelled by him.

ID.—NOTE PAYABLE TO BEARER.—A note payable to the order of the maker, and indorsed by him, becomes in effect a note payable to the bearer, and passes by delivery, and any one to whom the note is delivered becomes the legal holder of it, and is entitled to bring an action thereon.

APPEAL from a judgment of the Superior Court of Lassen County and from an order denying a new trial. W. T. MASTEN, Judge.

The facts are stated in the opinion of the court.

*Spencer & Raker*, and *F. C. Spencer*, for Appellant.

The judge was disqualified, and his disqualification rendered the judgment absolutely void. (Code Civ. Proc., sec. 170; *People* v. *De la Guerra*, 24 Cal. 76; Freeman on Judgments, 4th ed., sec. 146, and cases there cited; *Oakley* v. *Aspinwall*, 3 N. Y. 547; *Place* v. *Butternuts Mfg. Co.*, 28 Barb. 503.) The findings were con-

tradictory as to the incorporation of the plaintiff, and the judgment cannot be sustained. (Hayne on New Trial and Appeal, sec. 245, subd. 5, p. 735; *Reese* v. *Corcoran*, 52 Cal. 495; *Manly* v. *Howlett*, 55 Cal. 94–96; *Sloss* v. *Allman*, 64 Cal. 47; *Learned* v. *Castle*, 78 Cal. 454, 460; *Kerns* v. *McKean*, 65 Cal. 411; *Randall* v. *Hunter*, 66 Cal. 512; *Gilman* v. *Curtis*, 66 Cal. 116; *Richards* v. *Dower*, 64 Cal. 62; *Carman* v. *Ross*, 64 Cal. 249.) The rule of the court for the deposit of jury fees was unconstitutional and void. (Const., art. 1, sec. 7.) The rule is inconsistent with the laws of the state, and therefore void. (Code Civ. Proc., secs. 592, 631; *Biggs* v. *Lloyd*, 70 Cal. 447; *People* v. *McClellan*, 31 Cal. 101; *In re Jessup*, 81 Cal. 408, 483.) There being no indorsement to the plaintiff, he is not the legal owner of the note, and had no right of action thereon. ( *Woodsum* v. *Cole*, 69 Cal. 143; *Hays* v. *Hathorn*, 74 N. Y. 486; *Towne* v. *Wason*, 128 Mass. 517; *Woolley* v. *Wickerd*, 97 Cal. 70; Civ. Code, secs. 1721, 1722.)

*Goodwin & Goodwin*, for Respondent.

The record does not show the disqualification of the judge; and he who attacks the judgment must make error affirmatively appear. (*Treat* v. *Dorman*, 100 Cal. 625.) The law presumes that official duty has been performed, and that the court or judge was acting in the lawful exercise of his jurisdiction. (Code Civ. Proc., sec. 1963, subds. 15, 16.) The judge knew whether or not he was interested in the result of the suit, and it must be presumed that in ordering judgment and denying the motion for a new trial he was not so interested. (*Southern etc. R. R. Co.* v. *National Bank*, 100 Cal. 321.) The findings are not contradictory, and, being upon the issues of fact, must be limited to the conflicting allegations of the pleadings. (*Carey* v. *Brown*, 58 Cal. 184; *Osment* v. *McElrath*, 68 Cal. 468; 58 Am. Rep. 17.) The rule of the court requiring the deposit of jury fees was valid. (*Conneau* v. *Geis*, 73 Cal. 180; 2 Am. St. Rep. 785.)

A note made payable to the order of the maker, and indorsed by him, becomes, in effect, payable to the bearer. (Civ. Code, sec. 3102; *Curtis* v. *Sprague*, 51 Cal. 241; *Storch* v. *McCain*, 85 Cal. 306; Daniell's Negotiable Instruments, 4th ed., sec. 663.) The delivery of the note invested plaintiff with the right of action, and it is immaterial what collateral arrangements may have been made between himself and the one who delivered it to him. (Pomeroy's Remedies, 2d ed., sec. 132; *McPherson* v. *Weston*, 64 Cal. 281; *Flanagan* v. *Brown*, 70 Cal. 257; *Toby* v. *Oregon Pac. R. R. Co.*, 98 Cal. 497; *Tuller* v. *Arnold*, 98 Cal. 523; *Greig* v. *Riordan*, 99 Cal. 323; *Yakima Nat. Bank* v. *Knipe*, 6 Wash. 348.) The possession of the note is prima facie evidence of ownership and nonpayment. (Code Civ. Proc., sec. 1963, subds. 8, 9; *McCann* v. *Lewis*, 9 Cal. 246.)

McFarland, J.—This action is upon three promissory notes made by defendant, Sherer, and judgment was rendered against him for the amount of the three notes. He appeals from the judgment and from an order denying a new trial.

The contest is only over the note for two hundred and sixty dollars and fifty cents mentioned in the first count of the complaint, except so far as certain general objections hereinafter stated to the validity of the judgment cover the whole case. We will briefly notice the main points made for reversal:

1. As to the alleged disqualification of the judge who tried the case, it is sufficient to say that the transcript does not show that either he or his uncle, J. T. Masten, owned any stock of the corporation plaintiff at the time of the trial and decision of this case; while the affidavits filed at the hearing in this court, in response to affidavit filed by appellant, show affirmatively that the judge never owned any of said stock, and that the uncle, who at one time had owned two shares of said stock, had sold it before the commencement of this action.

2. The judgment cannot be reversed on account of contradictory findings. It was averred in the complaint that the plaintiff is a corporation, and the appellant, for the purpose of a defense which was not tenable, also averred in the answer that the plaintiff is a corporation; and, as the court found that all the averments of the complaint are true and all the averments of the answer are untrue, it is contended by appellant that the findings are contradictory, because they are to the effect that respondent is, and is not, a corporation. There is, perhaps, a possibility of this point being somewhat ingenious; but findings have no office to perform concerning a matter about which there is no issue.

3. The court did not err in requiring appellant, upon his demand for a jury, to deposit twenty-four dollars as required by a rule of the court. This was held in *Conneau* v. *Geis*, 73 Cal. 178, 2 Am. St. Rep. 785, and we see no good reason for departing from the conclusion reached in that case. In the case at bar there is no doubt that the twenty-four dollars required by the rule to be deposited is for jury fees; and no suggestion was made by counsel for appellant when he demanded a jury that said money was for any other purpose.

4. The evidence supports the findings. The note was made by the appellant, Josiah Sherer, payable " to the order of myself," and was indorsed by him in blank; and the fact that, in signing the note at the bottom, he left the letter " s" out of the word " Josiah" makes no difference. In the indorsement the name was properly spelled. The proof that he made the note was entirely sufficient to support the finding on that point.

Appellant delivered the note indorsed as aforesaid to one Fuller. It was delivered by Fuller to one Hawes, who was the manager of the company for which Fuller was acting, and by Hawes to respondent. Respondent became thus the legal holder of the note, with the right to bring an action thereon. It was like a note payable to bearer. (*Curtis* v. *Sprague*, 51 Cal. 239.)

The evidence shows, we think, that respondent ob-

tained the note before its maturity, but there was ample proof of consideration.

There are no other points necessary to be noticed.

Judgment and order appealed from affirmed.

HENSHAW, J., and TEMPLE, J., concurred.