(May 29, 1900.)

## RANDALL v. KELSEY.

[61 Pac. 515.]

JURORS FEES—AUTHORITY OF COURT TO REQUIRE DEPOSIT.—Under the statutes of this state, a court is not authorized to make a rule requiring a litigant to deposit jurors' fees as a condition precedent to the right of a trial by jury.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

W. C. Howie, for Appellant.

An issue of fact must be tried by a jury unless a jury is waived, in which case it must be tried by the court. (Rev. Stats., secs. 4629, 4771-4778; *Biggs v. Lloyd,* 70 Cal. 447, 11 Pac. 831; *Swasy v. Adair,* 88 Cal. 179, 25 Pac. 1119;

*Farwell v. Murray,* 104 Cal. 464, 38 Pac. 199; *Meeker v. Gilbert,* 3 Wash. Ter. 369, 19 Pac. 18; *Conneau v. Geis,* 73 Cal. 176, 2 Am. St. Rep. 785, 14 Pac. 580; *Pleyte v. Pleyte,* 1 Colo. App. 70, 28 Pac. 23; and the court of District of Columbia in *Hill v. Neale,* 27 Wash. L. R. 235.)

E. M. Wolfe, for Respondent.

The probate court had a rule requiring the payment of such fees in advance. The probate court had a right, under the statute, section 2137 of the Revised Statutes of Idaho, to demand the deposit of the fees in advance. Jury fees are court costs. (Section 6138 of the Revised Statutes as amended Laws 1899, page 234, H. B. No. 84, approved February 9, 1899.) The court had a right to make such a demand. (*Conneau v. Geis,* 73 Cal. 176, 2 Am. St. Rep. 785, 14 Pac. 580; *Bank of Lassen Co. v. Sherer,* 108 Cal. 513, 41 Pac. 415; *Rollins v. Notting,* 53 Minn. 232, 54 N. W. 1118; *Pacific v. Hopkinson,* 69 Mich. 10, 36 N. W. 797; *Allen v. Plummer,* 71 Tex. 546, 9 S. W. 672.)

SULLIVAN, J.—This action was brought in the probate court of Elmore county to recover forty-eight dollars and twenty-five cents. The defendants answered, putting in issue the material allegations of the complaint, and, by way of cross-complaint, set up an alleged cause of action against the plaintiff. When the cause came on for trial, the defendants demanded a jury. The court thereupon refused to issue a venire for a jury unless the defendants would deposit with the court sufficient money to pay the fees of the jurors. The defendants refused to make such deposit, and the court proceeded to try the case without a jury, and thereafter entered judgment in favor of the plaintiff. The defendants thereupon took an appeal from said judgment, on questions of law alone, to the district court, by which court said judgment was affirmed. This appeal is from the judgment.

The only question for decision is, Did the probate court have power, under the law, to require the defendants to deposit sufficient money to pay the jurors' fees, as a condition precedent to the right to have a jury trial? We answer this question in

the negative. We have no statute requiring the deposit of jurors' fees with the court, as a condition precedent to the right of a party to have a jury in cases that come under justice court practice. Nor have we any statute authorizing courts to make a rule to that effect. Many of the states have statutes authorizing the courts to require a deposit of jurors' fees as a condition precedent to the right to have a jury trial; and a number of the cases cited by counsel for respondent in support of his position are under such statutes, and for that reason are not in point. There appears to be some conflict in the decisions from California on the question under consideration. (See *Conneau v. Geis,* 73 Cal. 176, 2 Am. St. Rep. 785, 14 Pac. 580; *Bank of Lassen Co. v. Sherer,* 108 Cal. 513, 41 Pac. 415; *Adams v. Crawford,* 116 Cal. 495, 48 Pac. 488; *Biggs v. Lloyd,* 70 Cal. 447, 11 Pac. 831.) Section 6138 of the Revised Statutes, and the act amendatory thereof (Sess. Laws 1899, p. 180), provide that jurors in justices and probate courts are entitled to receive two dollars per day for each day actually engaged in the trial of a case, and that such fees shall be taxed as costs against the opposing party. Now, if the law contemplated and required jurors' fees to be paid in advance, and the losing party has already paid them, why tax them against such party? Why tax them at all? That provision of the statute would indicate that a deposit of such fees was not intended as a prerequisite to the right to trial by jury. The law of this state permits certain officers and witnesses to demand their fees in advance, and they need not perform the desired service until such fees be paid, but such is not the law when applied to a litigant where a jury is desired. The judgment of the trial court is reversed, and the cause remanded for further proceedings. Costs of this appeal are awarded to the appellant.

Huston, C. J., and Quarles, J., concur.