[S. F. No. 1654.   Department Two.—December 14, 1900.]

JOSEPH NAPHTALY et al., Respondents, v. STEFANO ROVEGNO et al., Appellants.

JURY TRIAL—PARTITION—FAILURE TO DEPOSIT JURY FEES—WAIVER.—A defendant in an action of partition, which had been on the trial calendar for several weeks prior to the time at which it was actually tried, marked as a court case as distinguished from a jury case, in accordance with the custom of the court, and which at the time it was first called for trial had been answered as "ready," without any request for a jury, is not entitled to a jury merely because he demands it at the time of the trial, in the absence of an offer by him to deposit the jury fees, as required by a rule of the court.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

James A. Devoto, and Devoto & De Martini, for Appellants.

Naphtaly, Freidenrich & Ackerman, for Respondent.

McFARLAND, J.—This is an action for a partition of certain described land. The defendants, Rosa Rovegno and Jiacomo Rovegno, appeal from an order denying their motions for a new trial. The only point which they insist on for a reversal of the order is that the court below erred in denying their demand for a jury.

Whether or not certain issues in the case were of such a character as to give to appellants the general right to have them tried before a jury is a question not necessary to be here determined; for we think that the court, for specific reasons hereinafter mentioned, did not err in refusing the demand.

The case was tried on the 20th of October, 1896, but it had been on the trial calendar several weeks prior to that time, marked as a court case as distinguished from a jury case in accordance with the custom of the court. This fact was well known to the parties, and appellants never asked to have it changed from "court" to "jury," and had not demanded a jury until the said 30th of October. On the latter day, when the case came on regularly to be tried, one of the defendants, Stefano Rovegno, moved for a continuance, and, the motion having been denied, demanded a jury, and the demand was denied. Then these appellants, who had not joined in the motion for a continuance, also demanded a jury and their demand was refused. On September 20th the case had been called for trial, and appellants had answered "ready" without any intimation that they desired a jury; but, owing to the number of cases before it on the calendar, it was not reached until October 20th, at which time there was no jury in attendance. The record, at this stage, merely shows the naked facts that appellants made a demand for a jury and that the court denied it; nothing further appears. But in another part of the record it is shown that there was a rule of court providing that "a party demanding a jury shall before the commencement of the trial deposit with the clerk of the court the fees necessary therefor"—specifying the amount; and

appellants did not make nor offer to make such deposit. In *Adams v. Crawford,* 116 Cal. 495, it was held that such a rule is reasonable and must be complied with. Under these circumstances, it does not appear that the court erred in denying the demand for a jury, and such denial does not therefore warrant a new trial.

The order appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion thereon on the 14th of January, 1901:

BEATTY, C. J.—I dissent from the order denying a rehearing.

The appellants claimed that the issues raised by their answer were properly triable by jury. When the cause was first entered upon the trial calendar of the superior court there was a controversy between plaintiffs and defendants as to whether it was a court or jury case, and that court, holding with the plaintiffs, marked it as a court case. In that condition it remained on the calendar until, previous cases being disposed of, it was called for trial. The appellants did not then ask for a continuance, but they renewed their demand for a jury trial, supporting their demand by an argument in which they attempted to show that the nature of the issues to be tried entitled them to a jury. Nothing was said about the deposit of a jury fee, and it is perfectly manifest from the record that the rule of the superior court in respect to that matter was never considered as having any bearing upon the point to be decided. The ruling of the court denying a jury trial was based simply and solely upon the ground that the defendants were not entitled to a jury, and, this ruling being made, it would have been a perfectly vain and useless act to deposit or tender the jury fee. The rule merely requires the jury fee to be deposited by the party demanding a jury before the commencement of the trial, and if a jury

trial is denied in advance the rule can have no operation. Besides, the party making the demand has all the time before the commencement of the trial to make his deposit. Here, when the demand was made, there was no jury in attendance, and the trial by the court to which the defendants were forced began and ended before it was possible for a jury trial to have commenced. For these reasons I think the failure of defendants to deposit or offer the jury fee is no answer to their position.

It is quite as clear that they did not waive their right to a jury by any of the proceedings referred to in the Department opinion. There can be no waiver of a jury except in one of the three modes enumerated in section 631 of the Code of Civil Procedure. (*Swasey v. Adair*, 88 Cal. 179, 183; *Biggs v. Lloyd*, 70 Cal. 447.)

If these conclusions are correct, the appeal has been disposed of by an erroneous decision of the only point considered in the opinion of the Department, and the serious and important question in the case—the question decided in the superior court and the question most elaborately argued by counsel here—is left untouched. I think it called for a decision, and that the appeal should not have been disposed of without a decision.