[Civ. No. 947.   Third Appellate District.—May 4, 1912.]

WENDLING LUMBER COMPANY, a Corporation, Appellant, v. GLENWOOD LUMBER COMPANY, a Corporation, Respondent.

TRIAL—DEMAND FOR JURY—DEPOSIT—RULE OF COURT—FAIR CONSTRUCTION—NONCOMPLIANCE AT ONE SETTING—FULL COMPLIANCE AT NEXT SETTING—ERROR.—Under a fair construction of a rule of court providing that: "Trial by jury is deemed waived by a party who does not demand the same, either before or at the time when the cause is set down upon the trial calendar, and also does not, within five days after such demand, deposit with the clerk the fees for twelve jurors for one day," where it appears that a proper demand for a jury was made and entered in the minutes of the court when the case was originally set for trial, and where, when it was reset, no demand or deposit was made, but it was continued, and when reset a second time, both a demand and the requisite deposit were made, it was error for the court to refuse to consider such demand and deposit, and to deny a jury trial, because it was absolutely waived by noncompliance with the rule at the previous setting.

ID.—GROUND OF JUSTIFICATION FOR RULE—REASONABLE REGULATION AS TO DEMAND AND DEPOSIT.—Granting, for the sake of the argument, that such rule is within the power of the court to adopt, it could be justified as a reasonable regulation, as to the demand for a jury, only on the ground that the orderly business of the court may proceed, and causes tried at the time they are set, and as to the deposit for the reason that it affords, as stated by the supreme court, "a reasonable precaution to prevent the jury from being defrauded by unscrupulous parties, and to prevent the demand for the jury from

being used as a pretext to obtain continuances, and thus trifle with justice."

ID.—SUFFICIENT COMPLIANCE WITH RULE—DUTY OF COURT.—It is held that no purpose of the rule could have been thwarted or imperiled if plaintiff's demand and deposit of the jury fee had been allowed under the circumstances appearing; that the demand and deposit, when the case was set for retrial the second time, presented a situation exactly the same as when the original order was made; and it is sufficient that on the very day that the cause was set for trial plaintiff made a demand and deposit as required by the rule. The court should have reconsidered its ruling as to waiver, and have granted the request, upon the demand and deposit before the court, which were still operative, and need not be renewed.

ID.—DEMAND AND DEPOSIT—REPETITION NOT REQUIRED.—The demand must be considered as a continuous refusal to waive the right to a jury; and it was not necessary to repeat the demand and deposit, in order to secure the constitutional right of the plaintiff to a jury trial.

ID.—TECHNICAL APPLICATION OF RULE UNREASONABLE AND INVALID— LIBERAL CONSTRUCTION IN FAVOR OF PERSON DEMANDING JURY.—It is held that if the rule of the court is to be given the exceedingly technical application contended for, it should be declared without hesitation unreasonable and invalid; and that it should be construed liberally in favor of the person demanding a jury in such a case as this.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Louis H. Brownstone, Stratton & Kaufman, and Nicholas Bowden, for Appellant.

Walter H. Linforth, for Respondent.

BURNETT, J.—The only question involved herein is whether the lower court erred in denying plaintiff's demand for a jury. The action, brought to recover the sum of $6,500 for the conversion of certain lumber, was begun on the twenty-fifth day of November, 1903, and, on the twenty-sixth day of September, 1904, was tried before Hon. H. B. Tuttle and a jury, and a verdict was rendered in favor of plaintiff. Thereafter a motion for a new trial was granted by Hon. J. R.

Welch on the ground of the insufficiency of the evidence to support the verdict. An appeal was taken and this order affirmed by the supreme court. (153 Cal. 411, [95 Pac. 1029].) When the action was originally set for trial a demand was made by plaintiff for a jury, and the proper entry was made in the minutes of the court. On the twenty-fourth day of September, 1909, the case was reset and at that time no additional demand was made for a jury. The case was called for trial on the twenty-ninth day of November, 1909, there being no jury in attendance. Plaintiff then demanded a jury and deposited the requisite fee. The demand was opposed by defendant on the ground that, under a rule of the court, the plaintiff, by failure to make the demand at the time the case was set for trial, had waived the right to a jury. The said rule provides that "Trial by jury is deemed waived by a party who does not demand the same, either before or at the time when the cause is set down upon the trial calendar, and also does not, within five days after such demand, deposit with the clerk the fees for twelve jurors for one day." The court sustained defendant's contention and denied plaintiff's demand. The case was then continued until February 7, 1910, for further hearing. In the meantime plaintiff moved the court to vacate its order of November 29, 1909, denying a jury. This motion was heard December 29, 1909, and was denied. Thereafter the action came on for trial April 10, 1910, and plaintiff renewed the demand for a jury with the same result as before. Plaintiff thereupon declined to introduce any evidence and judgment went for defendant.

Much argument is devoted by counsel to the consideration whether such a rule can be given effect to deprive a party of his constitutional right to a jury trial and also to the question whether the rule represents a reasonable exercise of whatever power of regulation in this respect may be committed to a trial court. Among the cases cited in this connection are the following decisions of the supreme court of this state: *Biggs* v. *Lloyd,* 70 Cal. 448, [11 Pac. 831]; *Conneau* v. *Geis,* 73 Cal. 176, [2 Am. St. Rep. 785, 14 Pac. 580]; *Swasey* v. *Adair,* 88 Cal. 179, [25 Pac. 1119]; *Farwell* v. *Murray,* 104 Cal. 467, [38 Pac. 199]; *Bank of Lassen* v. *Sherer,* 108 Cal. 516, [41 Pac. 415]; *Adam* v. *Crawford,* 116 Cal. 495, [48 Pac. 488];

*Platt* v. *Havens,* 119 Cal. 247, [51 Pac. 342] ; *Ferrea* v. *Chabot,* 121 Cal. 233, [53 Pac. 689, 1092] ; *Naphtaly* v. *Rovegno,* 130 Cal. 639, [63 Pac. 66, 621]. We deem it unnecessary, however, to decide between these opposing contentions of the parties or to review the authorities cited, as we are satisfied that, under a fair construction of said rule as applied to the peculiar circumstances of the case, plaintiff should have been accorded a jury trial as requested. Granting, for the sake of the argument, that the rule is within the power of the court to adopt, it could be justified as a reasonable regulation as to the demand for a jury only upon the ground, as stated by respondent, that "the orderly business of the court may proceed and causes tried at the times they are set," and as to the deposit, for the reason stated by the supreme court in *Conneau* v. *Geis,* 73 Cal. 176, [2 Am. St. Rep. 785, 14 Pac. 580], that it affords "a reasonable precaution to prevent the jurors from being defrauded by unscrupulous parties and to prevent the demand of a jury being used as a pretext to obtain continuances and thus trifle with justice."

But it is apparent that no purpose of the rule could have been thwarted or imperiled if plaintiff's demand, under the circumstances already narrated, had been allowed. After said demand was made the cause was continued by consent for more than two months. As a matter of fact, indeed, by reason of subsequent events, the case is brought clearly within the requirement of said rule. As far as the demand and the deposit of the jury fee are concerned, when the case was reset for trial the situation was exactly the same as when the original order setting it was made. In fact, it can be said that, upon the very day that the cause was set for trial, plaintiff made its demand and deposit as required by the rule. When the case was called for trial plaintiff made application for a continuance on the ground of the absence of certain witnesses. It was opposed by respondent, one of the reasons being stated by counsel as follows: "Under the rules and under the decisions they have waived a trial here by jury. I tell you frankly I don't want to try this case before a jury if I can avoid it." The trial judge, among other things, said: "Whatever disposition the court will make of this motion for a continuance, it will not place it upon a condition that the continuance will be granted provided one party or the other

must waive a jury." The chief counsel for plaintiff, Mr. Brownstone, then stated to the court: "I had not the slightest idea that there would not be a jury here." Before that he had said: "Now, it appears that there is no jury in attendance this morning, and we do desire a jury in this matter." Considerable discussion then ensued during which the court called attention to the aforesaid rule and Mr. Brownstone said: "I want to convince your honor that I had no idea there would not be a jury here this morning. I am not making the motion for a continuance, or did not let the thing wait, not to have a jury here so that we could ask a continuance. Mr. Linforth asked me if we expected a jury, and I says, yes, we wanted a jury, we would not waive a jury." Then Mr. Bowden, associate counsel for plaintiff, requested a continuance, stating, *inter alia,* that "It seems to me that under all the circumstances of the case it would not be unfair to say to your honor, and I ask at this time that even if we are forced to go on with it, take until to-morrow morning, and then your honor in the meantime could have a jury drawn and have a jury here to-morrow morning." The court replied: "That is passed, Mr. Bowden. We have passed that milestone." Mr. Brownstone: "Before your honor makes that ruling, will it be deemed that I have offered the fees for the jury? I make the offer of $40, to deposit $40," and it was agreed that the money might be deemed deposited. The case was then set for February 7th, Mr. Linforth stating that "by my consent to the continuance to that time, without calling any witness on behalf of the plaintiff or the plaintiff offering any proof, no advantage of that fact will be taken between now and the 7th of February, and without making any demand for jury, or tendering any fees, will there?" Mr. Bowden: "Of course, if the judge has committed an error, it is preserved to us. Isn't that so, Mr. Brownstone?" Mr. Brownstone: "Yes, I think that is all right." Mr. Bowden: "We will take leave to have the record show a record of an exception to the denial of the jury."

There is thus exhibited a continuous transaction during which plaintiff makes the demand and deposit for a jury and the cause is reset for trial. There is no pretense that plaintiff waived its right to a jury or that there was any recession from

its demand. Plaintiff was all the time insisting upon its claim and it was so understood by all the parties.

If it should be conceded that the court was justified under the rule in denying the application before the case was reset, yet immediately thereafter it should have reconsidered the matter and granted the request. The demand and deposit were still operative and before the court. It was not necessary to formally renew them, since it appears that plaintiff was still relying upon them. The demand must be considered as a continuous refusal to waive the right to a jury. It was not necessary to repeat the demand. (*Swasey* v. *Adair*, 88 Cal. 179, [25 Pac. 1119].)

The understanding of defendant that no other demand and deposit would be made thereafter is, also, it may be said, beside the question. Why should plaintiff be required to repeat the performance in order to secure his constitutional right? At the time the cause was reset the record of the court showed that the demand and the deposit for the jury had been made and that is all that the rule requires. If it is to be given the exceedingly technical application contended for by respondent, it should be declared without hesitation unreasonable and invalid. The truth is it should be construed liberally in favor of the person demanding a jury in a case like this. We think the judgment and order denying the motion for a new trial should be reversed and it is so ordered.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 3, 1912.