[Civ. No. 3968.   First Appellate District, Division Two.—October 28, 1921.] ·

WENDLING LUMBER COMPANY (a Corporation), Appellant, v. GLENWOOD LUMBER COMPANY (a Corporation), Respondent.

[1] SALES—BONA FIDE PURCHASE FROM VENDEE—TITLE—ESTOPPEL.— Where a lumber company sells lumber outright to a known dealer in lumber and thereafter another lumber company, without any knowledge of the facts of that sale, receives that lumber from said dealer under a conditional sales contract and pays by credits, dollar for dollar, to said dealer therefor, the lumber company first referred to is estopped from afterward asserting its title thereto.

[2] CONVERSION—NONSUIT.—In this action for damages for the conversion of certain lumber which had been sold by plaintiff to a known dealer in lumber and by the latter to defendant, the motion for a nonsuit was properly granted.

APPEAL from a judgment of the Superior Court of Santa Clara County.   J. R. Welch, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Louis H. Brownstone and Nicholas Bowden for Appellant.

Walter H. Linforth and James P. Sex for Respondent.

STURTEVANT, J.—The plaintiff sold to J. H. Routt a quantity of lumber for which he failed to pay the plaintiff. Routt sold the lumber to the defendant.   Contending that it had been wronged, the plaintiff sued the defendant under a charge of conversion.   At the end of the plaintiff's case the defendant moved for a nonsuit.   The motion was granted and the plaintiff has appealed.

The case was appealed twice before this appeal.   (*Wendling etc. Co.* v. *Glenwood etc. Co.*, 153 Cal. 411 [95 Pac. 1029]; Id., 19 Cal. App. 1 [124 Pac. 734].)   The first of those cases states that the rule of procedure declared in *Moore* v. *Copp*, 119 Cal. 429 [51 Pac. 630], governs this case.   Following the rule declared in that case, it was incumbent on the plaintiff to produce evidence to prove the issues tendered by its complaint, including the issue of

ownership and wrongful conversion. The burden then shifted to the defendant to prove that the plaintiff sold to Routt before the action was commenced. Both of these things were done, in the trial of this case, during the presentation of the plaintiff's case. The steps next in order are stated in *Hart* v. *Church*, 126 Cal. 471, at page 481 [77 Am. St. Rep. 195, 58 Pac. 910, 913], as follows: "It is the well-settled rule that where a plaintiff attacks a conveyance as in fraud of his rights, it is incumbent upon him first to show the fraudulent intent of the vendor. The burden then shifts to the purchaser to show a valuable consideration, and, this shown, the burden again shifts to the plaintiff, who must show the vendee's knowledge of the fraudulent intent of the vendor. (*Ross* v. *Wellman*, 102 Cal. 1, 4 [36 Pac. 402].)'' We do not understand that the plaintiff questions these rules of procedure, but it presents the question as to whether its proof fell short of the requirements of the rules above stated at the time the plaintiff rested. In applying and following said rules the plaintiff adopted an unusual course. It did not make any distinction as to what matters should be presented in its case in chief and what in rebuttal, etc.; but it chose the course of taking up all of said matters in the presentation of its case in chief. And, at this time, it states that its rights turn on a correct answer to the question, ''Does the plaintiff's case, as made, show that fraud was committed?'' If the plaintiff had directly pleaded fraud, the burden would have been on it. It cannot escape that burden by adopting a different kind of pleading. By adopting a pleading sounding in conversion, it simplified the pleadings in the case and it postponed the hour in which it had to take up the issue of fraud, but the burden still rested on the plaintiff when the time arrived to take up that issue. We reach the same conclusion on this branch of the case if we view this record from a different angle. On its face the judgment purports to be based on an order of nonsuit granted at the end of the plaintiff's case. In truth, and in legal effect, it was an order of nonsuit granted after the presentation of the whole case, because all of the actors had been called and examined on all of the facts except as is herein stated. Picking up the bill of exceptions and running through it from end to end, there is not a scintilla

of proof that Routt acted with a fraudulent intent when he sold to the Glenwood Lumber Company. Moreover, the evidence does show that the Glenwood Lumber Company purchased for a valuable consideration, and, finally, there is not the slightest proof on the part of the plaintiff that the defendant ever had the slightest information or knowledge of the fraudulent intent, if any, on the part of Routt. On these elements of the case the story is as follows: In the early part of 1903 Routt interviewed the president of the plaintiff corporation for the purpose of negotiating the purchase of materials. In that interview he stated to G. X. Wendling, president of the plaintiff corporation, that he was contemplating the purchase of the plant of the defendant corporation; that he estimated the purchase price would be twenty thousand dollars, which was the estimated value of the merchandise on hand; that for the purpose of making the purchase he had three thousand dollars; that he expected Mr. Johnson of Santa Cruz to join him and put up five thousand dollars; that he expected to incorporate and pledge the corporate stock for seven thousand dollars, and that he expected to sell off lumber on hand, reducing the stock to twenty thousand dollars, if the stock exceeded that sum. Contemporaneously with these interviews, Mr. Routt held interviews with the defendant corporation looking toward the purchase of the defendant's plant. Again, these parties estimated that the stock on hand was about twenty thousand dollars. The negotiations between Routt and the defendant advanced to the point where a contract of purchase was entered into by the terms of which Routt agreed to purchase under a conditional sales contract, by the terms of which the title of the property remained in the vendor until paid for. The amount to be paid remained to be ascertained by the taking of an inventory. At that time it was known that the taking of the inventory would require several weeks. While the inventory was being taken and before the amount thereof was ascertained, the contract between Routt and the plaintiff was entered into and the lumber in question was shipped and was received by Routt into the yard of the defendant. While on the stand as a witness, Wendling stated that by the terms of the interview between him and Routt, Routt was to pay the defendant twenty thousand dollars as a purchase price, out

of the three thousand dollars which he held, five thousand dollars to be invested by Mr. Johnson of Santa Cruz, seven thousand dollars to be borrowed from the bank, and that the plaintiff corporation was to advance five thousand dollars or six thousand dollars' worth of lumber. However, when the inventory was completed, the purchase price payable to the defendant was thirty-nine thousand dollars. There was no proof to the effect that Routt misrepresented any existing fact to the plaintiff corporation. The proof is all one way, that Routt stated in the beginning that he possessed three thousand dollars, and that statement squares with the fact. He stated that he expected to borrow five thousand dollars from his friend in Santa Cruz. The fact is that he had such a promise but that the friend changed his mind. He stated that he intended to incorporate under the name of the San Jose Lumber Company and borrow from the bank in San Jose seven thousand dollars more. He did not incorporate. But the fact whether he did or did not incorporate, it is patent, would not add one dollar to his purse, and, therefore, would not operate as a material misrepresentation to the defendant. The proof does not show why he did not incorporate under the name of the San Jose Lumber Company, nor why the seven thousand dollars was not borrowed from a bank in San Jose. The proof all tends to show that Routt was attempting to operate on too little capital and that the material error was that all of the parties underestimated the value of the defendant's stock. It does not in any respect show that Routt committed any act with a fraudulent intent to deceive the plaintiff or the defendant. There was no proof whatever that the defendant corporation was at any time informed as to the statements made by Routt to the plaintiff, whether those statements be true representations or false representations. The plaintiff called Routt as a witness. It also called the secretary and bookkeeper of the defendant corporation. Those two men were the very persons who knew what facts, if any, had been communicated to the defendant regarding the matters that had transpired between Routt and the plaintiff. But no question was asked of, and no statement was made by, either of those witnesses relative to the knowledge or information of the defendant concerning the trade that had been made between Routt and the plaintiff.

[1]   The case then stands thus: The plaintiff sold its lumber outright to Routt, a known dealer in lumber; without any knowledge of the facts of that sale, the defendant received the same lumber from Routt under a conditional sales contract and paid by credits, dollar for dollar, to Routt therefor.   These facts bring this case within the rule that when the owner of property clothes another with the apparent title to or power of disposition over it, and an innocent third party has thereby been induced to deal with the apparent owner in reference thereto, the true owner is estopped from afterward asserting his title.   (*McNeil* v. *Tenth Nat. Bank,* 46 N. Y. 325; *Barstow* v. *Savage M. Co.,* 64 Cal. 388, 393 [49 Am. Rep. 705, 1 Pac. 349]; *Chase* v. *Whitmore,* 68 Cal. 545, 547 [9 Pac. 942]; *Kohn* v. *Sacramento Electric, Gas & Ry. Co.,* 168 Cal. 1, 11 [141 Pac. 626].)

[2]   The motion for a nonsuit was based on six different grounds, including, among others: " . . . 2. There is no evidence in this case connecting the defendant or anyone authorized to represent the defendant with any representations made by Mr. Routt to the plaintiff or anyone connected with the plaintiff with reference to this particular lumber, whether those representations were false or otherwise.   3. There is no evidence in this case that the Glenwood Company did not obtain this property from Mr. Routt in the usual course of business and for a valuable and sufficient consideration; on the contrary the evidence shows that they were *bona fide* purchasers of it for value and without notice. . . . 5. There is no evidence in this case that the plaintiff was the owner of the property involved in this action or any part of it at any time subsequent to the sale of the same by the plaintiff to Routt."   The motion for a nonsuit was granted generally.   On the elements of the motion above stated the motion was properly granted.

It follows that the judgment should be, and the same is, affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 26, 1921, and a

petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.*, was acting.