No. 10,468.

WILLIAMS ET AL. *v.* THE STATE, EX REL. ROBERTS ET AL.

GUARDIAN AND WARD.—*Evidence.*—*Bond.*—*Principal and Surety.*—The declarations of a guardian, made to his attorney when preparing his reports, are not proper evidence on behalf of his sureties, in a suit upon his bond.

SAME.—*Conversion.*—*Liability of Sureties on Second Bond.*—In a suit against the sureties upon a guardian's second bond, for conversion of the ward's money by the guardian, there can be no recovery unless it be shown that the conversion occurred after the execution of the bond.

SAME.—*Judgment Without Relief.*—*Statute Construed.*—The statute, R. S. 1881, sections 577, 578, requires that judgments against sureties on guardians' bonds shall be without relief from appraisement laws.

From the Jackson Circuit Court.

*W. K. Marshall* and *J. M. Lewis*, for appellants.
*C. L. Jewett* and *H. E. Jewett*, for appellees.

ELLIOTT, J.—Appellants were sued as sureties on a bond executed in May, 1877, by their principal, Howard Cordell, as guardian of his infant children.

The court refused to permit the appellants to prove declarations made to the attorney who prepared the guardian's report by Howard Cordell, at the time they were prepared, and this ruling is complained of, but, as we think, without cause. Cordell was a party, and his interests were the same as his sureties, and his declarations were not competent, for to hold otherwise would be to adjudge that a party might prove his own declarations to absolve himself from liability.

It is the law that where a second bond is executed the sureties are not liable for money converted by the guardian prior to its execution. *Lowry* v. *State*, 64 Ind. 421; *State, ex rel.,* v. *Sanders*, 62 Ind. 562. The appellants are correct, therefore, in affirming that the appellee's relators were bound to show a conversion after the execution of the bond sued on.

There is evidence tending to support the finding of the trial court, and we will not disturb it. The reports of a guardian, although not conclusive upon the sureties, constitute evidence sufficiently strong to support a verdict. The jury or court trying the case may act upon the sworn reports made prior to any controversy, and are not bound to accept as true oral testimony of the guardian contradicting them.

We have no doubt that the court did right in embodying in its judgment a provision that the sureties should not be entitled to the benefit of the appraisement laws, R. S. 1881. Sections 577 and 578 are substantial re-enactments of former statutes. 2 R. S. 1876, p. 188, n. *c.* Section 2460 applies in express terms to bonds of executors and administrators, and can not, even if it is to receive the construction claimed by appellants, be extended to bonds of guardians. The act of 1852, providing that suits on guardians' bonds shall be governed by

the law regulating suits on bonds of executors and adminis-trators, referred to the laws then in force, at least as to bonds executed prior to 1881, and we must be guided by them, and not by the special statute governing the settlement of de-cedents' estates. It is a question of grave importance, whether the Legislature can take from those interested in guardians' or executors' bonds the right to enforce their collection without relief from valuation laws, and whether all such acts as those relating to decedents' estates must not in all cases be construed as prospective, and, therefore, as not operating upon bonds ex-ecuted prior to their enactment. *Bronson* v. *Kinzie,* 1 How. 311; *McCracken* v. *Hayward,* 2 How. 608; *Hutchins* v. *Bar-nett,* 19 Ind. 15; *Hutchins* v. *Hanna,* 8 Ind. 533.

Judgment affirmed.