[S. F. No. 729. Department Two.—December 14, 1897.]

A. G. PLATT, Respondent, v. H. B. HAVENS, Appellant.

JURY—ACTION ON CONTRACT.—An action to recover money upon a promissory note, and for the breach of a contract entered into simultaneously therewith, in which no equitable issues are raised, is an action at law, in which the defendant is entitled to a jury trial.

ID.—WAIVER OF JURY.—A stipulation to set the action for trial on a day certain before a department of the superior court then known to be engaged in the trial of causes without a jury is not a waiver of the right to a trial by jury. Such right cannot be waived by implication.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

T. Z. Blakeman, for Appellant.

W. H. H. Hart, and Aylett R. Cotton, for Respondent.

SEARLS, C.—Appeal from a judgment of the superior court in and for the city and county of San Francisco in favor of plaintiff for $2,628.85, upon a promissory note made by defendant for $2,500, bearing interest after maturity at eight per cent per annum, and dated August 21, 1894. Accompanying the note was an agreement executed by the parties of which the following is a copy:

"Agreement.

"This agreement, made by and between H. B. Havens and A. G. Platt, both of San Francisco, Cal., witnesseth:

"That the said H. B. Havens hereby sells to said A. G. Platt twelve thousand five hundred (12,500) shares of the Crescent Mining Company stock, for the sum of five thousand dollars ($5,000), payments to be made and stock to be delivered as follows:

"H. B. Havens will deliver six thousand two hundred and fifty shares of the stock upon the signing of this agreement and the payment of two thousand five hundred dollars ($2,500) in cash. The balance, six thousand two hundred and fifty shares of stock, will be placed in escrow with Mr. A. K. Durbrow, and upon the payment to him of the balance of the amount due, viz., two thousand five hundred dollars ($2,500), this stock shall be delivered to A. G. Platt—the payment of this $2,500 to be made on or before August 21, 1895.

"Any dividends that may be declared on the said six thousand two hundred and fifty shares of stock are to be paid in to Mr. Durbrow and applied upon the balance due on said stock in escrow, said amounts to be subject to order of H. B. Havens.

"It being agreed that said A. G. Platt shall at any time during the year stated have the privilege of paying up the amount due on the stock in escrow, and thereafter receive any dividends that may be declared on said stock.

"It is also understood and agreed to by the parties to this agreement, that said H. B. Havens shall, at any time on or before August 21, 1895, have the privilege of offering A. G. Platt the sum of $2,500 and interest at the rate of eight per cent per annum from the date of this agreement for six thousand two hundred and fifty shares of stock of said Crescent Mining Company, and, should said A. G. Platt refuse such offer then the said

A. G. Platt shall relieve said H. B. Havens from any future liability in connection with this transaction.

"It is also agreed and understood that in case the foregoing offer shall not be made that the said A. G. Platt shall have the right to cancel this contract on August 21, 1895, and receive from said H. B. Havens the sum of $2,500, as per note of even date herewith, without interest or any dividends that may have been made on such stock.

"H. B. Havens agrees that a five-stamp mill shall be placed on the property, without any expense to said A. G. Platt, in consideration of this agreement.

"(Signed)   H. B. HAVENS.
"(Signed)   A. G. PLATT.

"Witness:

"(Signed)   A. K. Durbrow.
"Witness to signature of A. G. Platt:
"(Signed)   J. R. Palmer.

"That on the margin of said agreement, opposite the clause referring to said promissory note, was a further stipulation between plaintiff and defendant made at the same time, in words as follows:

" 'This note is not to be transferred or used without maker's permission, but is to be canceled upon the canceling of this agreement or payment of amount named.

" '(Signed)   H. B. HAVENS.
" '(Signed)   A. G. PLATT.' "

The first point made by appellant for reversal was that the cause of action was one at law, and that the court below erred in denying to defendant a jury trial. The facts bearing on the question are as follows:

The cause was pending in Department 4 of the superior court. On the twentieth day of December, 1895, the attorneys for the respective parties stipulated as follows: "It is hereby stipulated between the parties to the above-entitled action that said action may be set down for trial at such time as will suit the convenience of the court on any day after the 15th of January, 1896."

The action was set for trial March 3, 1896, and not being reached was reset for March 13, 1896.

Again, it was apparent that the cause would not be reached, and the attorneys for the respective parties met the judge of the court at his chambers to arrange a future day for trial, and then and there counsel for defendant announced that he had not waived a jury trial, and insisted upon his right to a trial by jury. The judge then postponed the trial for one week, and directed counsel "to make his demand for a jury trial in open court."

Thereupon, and in open court, on March 13, 1896, such demand for a jury trial was made. The court, on the 16th of the same month, denied the application for a jury trial, "on the ground that the action was one in which the parties were not entitled to a jury trial." Defendant excepted.

It may be stated, also, that Department 4 of the superior court was and for two years had been engaged in the trial of court cases, and had not during that period had a jury in attendance, and that the regulation to this effect was notorious.

The action is to all intents and purposes one at law to recover money upon a promissory note, and for the breach of the contract entered into simultaneously therewith.

Plaintiff averred that he had complied with all the conditions to be by him kept and performed, but that defendant had violated the contract, etc. The contention of the respondent that plaintiff might have enforced a lien upon the stock mentioned in the agreement cannot be upheld, for the reason that there are no facts stated in the complaint going to uphold any such lien, but, on the contrary, the whole theory of the complaint is, that plaintiff rescinded the agreement, as he had a right to do, by tendering a return of the stock and demanding payment of the note, and he offers to return the stock to defendant, to surrender it in court, etc.

There was no case that could be made consistent with the issues that would entitle plaintiff to equitable relief.

We think, therefore, that the court erred in holding, as it did, that the cause was one in which the parties were not entitled to a jury trial.

. Respondent contends, however, that if it be conceded that the court was wrong in the reason which it gave for refusing a jury to defendant, it was still right in its conclusion, because defendant had by the stipulation in effect waived a jury. Trial by jury

may be waived: "1. By failing to appear at the trial; 2. By written consent . . . . filed with the clerk; 3. By oral consent, in open court, entered in the minutes." (Code Civ. Proc., sec. 631.)

The stipulation of the attorneys was entirely consistent with the idea of a trial either with a jury or by the court. It is only by ingrafting therein the fact that there was no jury for that department of the court, and that such fact was notorious, that the stipulation becomes of any force.

We think this too vague and uncertain a basis upon which, in the face of our code, to found a waiver. It was held in an early case (*Smith v. Polack,* 2 Cal. 92) that the right of trial by jury cannot be waived by implication.

In *Swasey v. Adair,* 88 Cal. 179, it was held that a jury trial can only be waived in one of the modes prescribed in section 631, *supra.*

In *Biggs v. Lloyd,* 70 Cal. 447, it was held that the right to a jury trial is not waived by neglecting to demand a jury at the time the case is called to be set for trial, notwithstanding a rule of court that a jury shall then be demanded.

For the reasons given in these cases, we think there was no waiver of a jury in the manner prescribed by law, and that the court below erred in its ruling.

We recommend that the judgment be reversed and the cause remanded.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.