[S. F. No. 5553.   Department One.—November 16, 1912.]

THE PEOPLE, Respondent, v. THE METROPOLITAN SURETY COMPANY (a Corporation), and ALFRED C. SKAIFE, as Receiver in the State of California of the Metropolitan Surety Company (a Corporation), Appellants.

JURY TRIAL—RULE OF COURT—WAIVER BY FAILURE TO DEMAND AT CALLING OF TRIAL CALENDAR.—Notwithstanding a rule of the superior court to the contrary, a party to an action in which a jury trial is a constitutional right, does not waive such right by failing to demand a jury at the calling of the trial calendar, when the cause was answered "ready" and set for a subsequent day for trial.

ID.—CONSTITUTIONAL RIGHT TO JURY TRIAL—LEGISLATURE ONLY CAN PRESCRIBE WHAT CONSTITUTES WAIVER.—The legislature, by virtue of the provision of section 7 of article I of the constitution, that a jury trial may be waived in civil cases "by the consent of the parties, signified in such manner as may be prescribed by law," is given the sole power of declaring what shall constitute a waiver of trial by jury, and has exercised its power by the enactment of section 631 of the Code of Civil Procedure. A jury may be waived only in one of the three modes prescribed by that section.

ID.—RULE REQUIRING DEPOSIT OF JURY FEES.—The cases holding that, notwithstanding the provisions of section 631 of that code, the court may make reasonable rules regulating the right of a party to claim a jury trial, and that such trial may be properly refused when there has been a failure to comply with such rules, go no further than to uphold a rule requiring the deposit of jury fees as a condition to the insistence upon the right.

ID.—JURY NOT WAIVED BY IMPLICATION—CONSTRUCTION OF RULE.—The right to a jury trial should not be held waived by implication; and, if the validity be admitted of a rule of court that "upon the calling of the trial calendar, in all cases answered 'ready,' the parties shall announce whether a jury is required, and shall at such time demand a jury, if desired, and if no jury is demanded at such calling it shall be deemed to be waived and a waiver of a jury will thereupon be entered on the minutes by the clerk," no waiver thereunder takes place, unless the cause was answered "ready" at the calling of the trial calendar, and an entry of the waiver was made in the minutes.

PUBLIC OFFICER—SURETY ON OFFICIAL BOND—OFFICER SUCCESSOR TO HIMSELF—LIABILITY FOR PRIOR DEFAULTS.—The surety upon the

official bond of a public officer cannot, in the absence of express stipulation to that effect, be held liable for defaults or delinquencies of the principal occurring before the execution of the bond. This rule is not altered by the fact that the principal had been the incumbent of the office for a preceding term.

ID.—PRESUMPTION AS TO TIME OF DEFALCATION.—In a suit against a surety to recover the amount of a shortage in the accounts of a public officer who has filled several successive terms, the mere fact of a defalcation, without more, creates no presumption as to the time when it occurred. The time of its occurrence is for the jury to determine from all the facts in evidence, and the burden of proof on that issue is on the plaintiff.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order refusing a new trial. W. S. Wells, Judge presiding.

The facts are stated in the opinion of the court.

Edward C. Harrison, for Appellants.

H. V. Alvarado, District Attorney, for Respondent.

SLOSS, J.—The defendants appeal from a judgment in favor of plaintiff and against the corporation defendant for $18,732.85, and from an order denying their motion for a new trial.

The above-mentioned sum was the amount of an alleged shortage in the accounts of George A. Wiley, as treasurer of Contra Costa County, and the action was brought to recover this sum from the corporation defendant, as surety on Wiley's official bond.

Wiley was elected county treasurer in November, 1902, to serve for a term beginning January 5, 1903, and ending on January 7, 1907. He duly qualified, giving a bond in the penal sum of eighty thousand dollars, executed by United States Fidelity and Guaranty Company as surety. In November, 1906, he was elected for a second term, and in the same month he executed a bond, with the defendant, The Metropolitan Surety Company, as surety, in the penal sum of one hundred thousand dollars, to secure the faithful performance of his duties during the succeeding term. He continued to occupy the office of treasurer of the county until

the fourth day of February, 1907, when he committed suicide. A count of the money remaining in the treasurer's vault disclosed a shortage as above stated, and this action followed.

When the cause came on for trial, the defendant demanded that a jury be impaneled and that the trial be had before a jury. The action was unquestionably one in which either party was entitled to a jury trial, unless the right had been waived. The court, however, declined to comply with the demand, and proceeded to try the cause without a jury, taking the position that the following circumstances, disclosed by the record, constituted a waiver by defendant of its privilege of a jury trial.

A rule of the superior court of Contra Costa County, in force at the time of the proceeding under review, read as follows: "Upon the calling of the trial calendar, in all cases answered 'ready' the parties shall announce whether a jury is required, and shall at such time demand a jury, if desired, and if no jury is demanded at such calling it shall be deemed to be waived and a waiver of a jury will thereupon be entered on the minutes by the clerk." The case had originally appeared on the trial calendar of the said court on June 8, 1912, to be set for trial. On that day the cause was set for trial for July 16, 1908, the clerk's minute entry showing that the setting had been so ordered on motion of plaintiff's attorney.

On July 16, 1908, the cause was regularly called for trial, counsel for both parties being present. Counsel for defendants urged a continuance for two weeks, filing an affidavit in support of his motion. The motion was granted, and the cause was peremptorily set for trial on the thirtieth day of July, 1908. The clerk made an entry in the minutes, stating merely that the cause came regularly before the court, counsel for the respective parties appearing, that defendant by its counsel filed an affidavit and made a motion for a continuance, and that the court ordered that "this cause be and the same is hereby continued to and peremptorily set for Thursday, July 30th, 1908, at 10 o'clock A. M." No jury was in attendance upon the court on July 30th, and no demand for a trial by jury had theretofore been made.

We think the court erred in holding that the facts above recited constituted a waiver of defendant's right to a jury

trial. The constitution (art. I, sec. 7), after declaring the inviolability of the right of trial by jury, provides that such trial may be waived in civil cases "by the consent of the parties, signified in such manner as may be prescribed by law." The legislature is thus given the sole power of declaring what shall constitute a waiver of trial by jury (*Exline v. Smith,* 5 Cal. 112), and has exercised its power by the enactment of section 631 of the Code of Civil Procedure. That section provides that trial by jury may be waived . . . "in actions arising on contract, . . . in manner following:

"1. By failing to appear at the trial.

"2. By written consent, in person or by attorney, filed with the clerk.

"3. By oral consent, in open court, entered in the minutes."

This court has repeatedly held that a jury may be waived only in one of the three modes prescribed by this section. (*Swasey v. Adair,* 88 Cal. 179, [25 Pac. 1119]; *Farwell v. Murray,* 104 Cal. 464, [38 Pac. 199]; *Platt v. Havens,* 119 Cal. 244, [51 Pac. 342].) The record here shows no waiver by any of these modes.

The respondent relies, however, upon the rule of court, providing that a failure to demand a jury when the cause is answered "ready," upon the calling of the trial calendar, shall be deemed a waiver. It has been held, notwithstanding the provisions of section 631, that the court may make reasonable rules regulating the right of a party to claim a jury trial, and that such trial may properly be refused when there has been a failure to comply with such rules. But the cases so holding go no further than to uphold a rule requiring the deposit of jury fees as a condition to the insistence upon the right. (*Adams v. Crawford,* 116 Cal. 495, [48 Pac. 488]; *Naphtaly v. Rovegno,* 130 Cal. 639, [63 Pac. 66, 621].) And this conclusion may be readily supported in view of the fact that, in the absence of such deposit, the payment of the fees which must be incurred by reason of the demand could not be adequately secured. The ruling has been otherwise, however, with regard to a rule like the one here involved. In *Biggs v. Lloyd,* 70 Cal. 447, [11 Pac. 831], a judgment was reversed on account of the refusal of a jury trial, notwithstanding the failure of the appellant to comply with a rule

of court requiring that "if a jury is desired, it shall be demanded on the law day when the case is set for trial." It follows that the rule involved in this case did not authorize the refusal of a jury trial.

But, even if the rule be regarded as valid and effective, the respondent's position is open to the further objection that the facts necessary to constitute a waiver under the terms of the rule were not shown. The requirement is that a jury be demanded upon the calling of the trial calendar in all cases answered "ready." It does not appear that the case at bar was answered "ready" by either party. All that is stated in the bill of exceptions is that both parties were present by counsel, and that the defendant moved for a continuance, which was granted. The record is entirely consistent with the view that the plaintiff's counsel was not ready to go to trial. The right to a jury trial should not be held waived by implication. (*Platt* v. *Havens,* 119 Cal. 244, [51 Pac. 342].)

Furthermore, there was no entry in the minutes of a waiver of jury trial, as required by the rule. This might not be very important, if a similar requirement were not also contained in subdivision 3 of section 631. But that subdivision makes such entry necessary in the case of an oral waiver. The purpose doubt'ess was to furnish record evidence of a consent which would otherwise rest merely on parol proof, and the rule was apparently framed with the intent of following the code section. The entry was, therefore, a necessary part of a waiver under the rule, as under the code, and the mere failure to demand a jury, not entered in the minutes, did not constitute the waiver contemplated.

These views will necessitate the reversal of the judgment. As an aid to the conduct of another trial, some of the other questions presented may be briefly noticed.

The appellant had, by the provisions of the bond which it executed, made itself liable only for any default of which Wiley might be guilty during his second term, beginning in January, 1907. It could not, in the absence of express stipulation to that effect, be held for defaults or delinquencies of the principal occurring before the execution of the bond sued upon. (Mechem on Public Officers, sec. 285.) This rule is not altered by the fact that the principal has been the incum-

bent of the office for a preceding term. (*United States* v. *Boyd,* 15 Pet. 187, [10 L. Ed. 706] ; *Bissell* v. *Saxton,* 66 N. Y. 60; *Detroit* v. *Weber,* 29 Mich. 24; *McPhillips* v. *McGrath,* 117 Ala. 549, [23 South. 721].) The plaintiff, recognizing the force of this consideration, alleged in its complaint the misappropriation and conversion by Wiley of the sum sued for "during his last term of office." This allegation the defendant denied, and the plaintiff was, accordingly, bound to prove it in order to be entitled to a judgment. The finding of the court was in favor of the plaintiff on this issue. We shall not stop to detail the evidence, or to consider at any length the appellant's contention that the finding in question is not supported. Since there must be a new trial for reasons already indicated, it will suffice to say that we think the proof offered was such as to have justified a jury (or the court, in the absence of a jury) in finding either way on the question whether the defalcation had occurred during the first or the second term. The case was one in which the time of the defalcation was to be determined by inference from the various facts and circumstances shown.

The respondent contends that, in a suit to recover the amount of a shortage discovered in the accounts of an officer who has filled several successive terms, the presumption is that the misappropriation took place during the last term. There are authorities declaring this to be the rule, the theory underlying it being that the presumption of the performance of official duty authorizes the conclusion that the officer, at the end of one term, has duly accounted to himself as his own successor. (*Bruce* v. *United States,* 17 How. (U. S.) 437, [15 L. Ed. 129] ; *United States* v. *Earhart,* 4 Saw. 245, [Fed. Cas. No. 15,018] ; *Kelly* v. *State,* 25 Ohio St. 567.) A similar declaration was made by this court in *Heppe* v. *Johnson,* 73 Cal. 265, [14 Pac. 833], but the ruling was not, apparently, necessary to the decision.

On the other hand, various well-considered cases deny the existence of any such presumption, or confine its applicability to cases where there is no evidence at all tending to show that the misappropriation was during the earlier term. (*Williams* v. *Harrison,* 19 Ala. 277 ; *McPhillips* v. *McGrath,* 117 Ala. 549, [23 South. 721] ; *Trustees of School* v. *Smith,* 88 Ill. 181; *Myers* v. *United States,* 1 McLean, 493, [Fed. Cas. No. 9996] ;

*Williams* v. *State,* 89 Ind. 570; *Freeholders* v. *Wilson,* 16 N. J. L. 110.) We think the sound view is that from the mere fact of a defalcation, without more, no presumption as to the time when it occurred arises. The presumption that an officer has performed his official duty is, at best, ''weak and inconclusive'' (*Williams* v. *Harrison,* 19 Ala. 277), and whatever force it possesses would seem to vanish upon proof that the particular duty in question (i. e., that of safe-keeping and accounting for the public funds) had in fact been violated. In *Anaheim U. W. Co.* v. *Parker,* 101 Cal. 483, 487, [35 Pac. 1048, 1049], this language was used: ''Where a second bond is executed, the sureties are not liable for money converted by the officer prior to its execution, and the plaintiffs are bound to show a conversion after the execution of the bond sued upon.'' The decision, in effect, overrules the dictum in *Heppe* v. *Johnson,* above referred to.

The case should, therefore, be submitted to the jury without any instruction that there is a presumption that a defalcation (if one be shown) occurred at one time rather than another. The jury is to be permitted to find, from all the facts in evidence, whether such defalcation occurred, in whole or in part, during Wiley's second term, the burden of proof, on this issue, being on the plaintiff.

There was no error in permitting the plaintiff to prove the receipt by Wiley as treasurer of sums not shown in the auditor's books, such as moneys belonging to the estates of deceased persons. The allegations of the complaint, fairly construed, are sufficiently broad to cover these items.

The foregoing, we think, covers all the material matters that are likely to arise upon another trial.

The judgment and the order appealed from are reversed.

Shaw, J., and Angellotti, J., concurred.