[No. H000503. Sixth Dist. Oct. 10, 1985.]

Conservatorship of the Person of AUGUSTINE MALDONADO.
THE PEOPLE, Petitioner and Respondent, v.
AUGUSTINE MALDONADO, Objector and Appellant.

**[Opinion certified for partial publication.\*]**

---

*The opinion filed contains portions which need not be published. Pursuant to rule 976.1 of the California Rules of Court, it is ordered that part II of the opinion be deleted.

**COUNSEL**

John P. Hannon II for Objector and Appellant.

Ralph R. Kuchler, County Counsel, and Diane C. Popowski, Deputy County Counsel, for Petitioner and Respondent.

**OPINION**

**AGLIANO, J.**—Appellant Augustine Maldonado appeals from an order establishing a conservatorship of his person on the ground he is gravely disabled as a result of a mental disorder.[1] Appellant contends (1) he has been

---

[1]This proceeding is authorized by the Lanterman-Petris-Short Act, which has been codified at Welfare and Institutions Code sections 5000-5406. The conservatorship provisions commence at section 5350. All further references are to the Welfare and Institutions Code unless otherwise indicated.

denied the right to a jury trial; (2) the evidence is insufficient to support the order; (3) no showing is made that he would not voluntarily consent to treatment; and (4) no recommendation regarding his right to refuse medical treatment was included in the conservatorship investigation report. For the reasons set forth below, we affirm the order.

### Statement of Facts

On January 1, 1985, members of appellant's family brought him to Natividad Medical Center after becoming frightened by his violent behavior. Appellant was released after approximately 10 days of hospitalization but 3 days later his family returned him to the medical center because he was not sleeping or eating and began acting "inappropriately." Appellant was then sent to Crestwood, a long-term psychiatric facility, but was discharged from the facility after several days because he was unmanageable. He was then transferred to Napa State Hospital. At Napa State Hospital appellant was assaultive and placed in a special project unit. However, he was transferred to the general population where, although still considered psychotic, he was more manageable.

In the opinion of Taylor Fithian, the chief psychiatrist at Natividad Medical Center, appellant has remained "gravely disabled." Dr. Fithian has known appellant as a psychiatric patient for approximately five years. He conducted a psychiatric evaluation prior to trial and made a diagnosis of "psycho-affective disorder versus bipolar disorder, manic type." Appellant's eating problems remained as evidenced by continued weight loss. He demonstrated minimal progress. His speech was rapid, consisting of a "flight of ideas" and "grandiose" delusions. His family indicated they could not care for him at home. He is prescribed Thorazine and lithium carbonate medication which is used to treat manic depressive disorders.

The trial court, sitting without a jury, found appellant gravely disabled within the meaning of section 5008, subdivision (h)(1), in that, as a result of mental disorder he was unable to provide for his basic personal needs for food, clothing, and shelter. The petition to establish conservatorship was sustained without prejudice to a rehearing should appellant's family request that he be allowed to live with them. No such request was made and this appeal followed.

### Discussion

### I

Appellant contends he was denied his right to a jury trial. The court initially set the matter for jury trial when informed appellant wished to

contest the petition in a jury trial. However, the reporter's transcript discloses that when the case was called for trial from the master calendar, appellant's counsel announced a jury waiver. No personal explicit waiver by appellant is shown in the record. The clerk's transcript does not reflect the preparation of minutes for this call of the master calendar. The record shows the case was then assigned to a trial department where the court trial simply commenced without further statement or objection as to the nature of the trial.

■ The *constitutional* right to a jury trial exists only with respect to those actions in which the right existed at common law at the time the California Constitution was adopted. (*People* v. *One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 286-287 [231 P.2d 832].) Since conservatorship proceedings were unknown to the common law, the right to a jury trial therein exists only as provided by statute. (See, e.g., *In re De La O* (1963) 59 Cal.2d 128, 150 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705] (no constitutional right to a jury trial in proceedings relating to the involuntary commitment of narcotics addicts); *People* v. *Hill* (1967) 67 Cal.2d 105, 114 [60 Cal.Rptr. 234, 429 P.2d 586] (right to jury trial is statutorily based in sanity hearing pursuant to Pen. Code, § 1368).) ■ A statutory right to jury trial in conservatorship proceedings was established in 1967 by section 5350, subdivision (d), which states in part that "[t]he person for whom conservatorship is sought shall have the right to demand a court or jury trial on the issue whether he [or she] is gravely disabled. Demand for court or jury trial shall be made within five days following the hearing on the conservatorship petition."

Appellant argues, however, that under article I, section 16, of the California Constitution,[2] he has a constitutional right to a jury trial and that criminal procedural law is applicable in conservatorship proceedings to determine the waiver of this right. To support his position, appellant relies entirely on *Conservatorship of Roulet* (1979) 23 Cal.3d 219 [152 Cal.Rptr. 425, 590 P.2d 1].

In *Roulet,* the California Supreme Court held that due process requires proof beyond a reasonable doubt and jury unanimity in conservatorship proceedings. However, subsequent appellate court decisions have not extended the application of criminal law concepts in this area. (*Conservatorship of Baber* (1984) 153 Cal.App.3d 542 [200 Cal.Rptr. 262] (doctrine of double

---

[2]Article I, section 16, states in relevant part: "Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel. In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute."

jeopardy is not applicable in conservatorship proceedings; conservatee cannot refuse to testify at his or her own conservatorship trial); *Conservatorship of Mitchell* (1981) 114 Cal.App.3d 606 [170 Cal.Rptr. 759] (no right to warning of privilege of self-incrimination prior to psychiatric examination); *Cramer* v. *Shay* (1979) 94 Cal.App.3d 242 [156 Cal.Rptr. 303] (exclusionary rule promulgated in *Miranda* is unnecessary in commitment proceedings for mentally retarded).)

█ We are persuaded and therefore hold that civil procedural law determines whether an individual has waived the right to a jury trial in a conservatorship proceeding.

Section 5350 provides in pertinent part: "The procedure for establishing, administering and terminating conservatorship under this chapter shall be the same as that provided in Division 4 (commencing with Section 1400) of the Probate Code, . . ." Probate Code section 1827 states that "[t]he court shall hear and determine the matter of the establishment of the conservatorship according to the law and procedure relating to the trial of civil actions, including trial by jury if demanded."

█ A trial by jury may be waived "[b]y oral consent, in open court, entered in the minutes or docket." (Code Civ. Proc., § 631, subd. (3).) The purpose of this requirement is to furnish record evidence of the waiver which would otherwise rest solely on parol proof. (*People* v. *Metropolitan Surety Co.* (1912) 164 Cal. 174, 178 [128 P. 324].) █ In *Ford* v. *Palisades Corp.* (1950) 101 Cal.App.2d 491, 499 [225 P.2d 545], the court held sufficient evidence of oral consent to waiver was shown where the findings stated that the party had consented to the discharge of the jury and the reporter's transcript included the party's oral consent to the waiver. In this case the reporter's transcript discloses waiver of the right to the jury trial by appellant's counsel. Appellant does not contend his attorney was without actual authority to waive a jury on his behalf. Further, an attorney has authority to bind his client in any of the steps of an action or proceeding by his agreement entered upon the minutes of the court. (Code Civ. Proc., § 283.) We find that this evidence of appellant's waiver serves the statutory purpose and thus substantially complies with its requirements.

II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote, *ante,* page 144.

## *Disposition*

The order is affirmed.

Panelli, P. J., and Brauer, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 19, 1985.