[No. D002430. Fourth Dist., Div. One. Apr. 29, 1986.]

Conservatorship of the Person of NOE TORRES.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
NOE TORRES, Objector and Appellant.

**COUNSEL**

Sharron Voorhees, under appointment by the Court of Appeal, for Objector and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Chief Deputy County Counsel, and Susan J. Boyle, Deputy County Counsel, for Petitioner and Respondent.

**OPINION**

**WIENER, J.**—Noe Torres appeals from the judgment and order reestablishing his conservatorship after a jury found he was gravely disabled within the meaning of Welfare and Institutions Code section 5350, subdivision (d).[1] We affirm.

Public conservator Richard J. Thomson filed a petition on August 23, 1984, seeking to reestablish a conservatorship for Torres on the ground Torres was gravely disabled. Torres requested a jury trial.

Dr. Jon Berlin, a psychiatrist, testified Torres suffered from schizophrenic and intermittent explosive disorder. He said these mental disorders causes Torres to be unable to provide for his basic needs—food, clothing and shelter. Berlin's testimony was based on a review of hospital charts, the records from previous treating physicians and other staff members who had personal contact with Torres.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

Nurse's aide Dennis Browning testified he observed Torres. When Browning would arrive in the morning Torres would either be without clothes or with very dirty clothes. Torres had a hard time interacting properly with his peers; a difficult time making friends; and needed a good deal of care. Without provocation Torres would become angry and explode, losing all control, biting, kicking, scratching and name calling. About once a month he would have a two- or three-day bad period. On two occasions he bit the fingers of staff members, one time biting clear through to the bone. Sometimes he needed to be restrained for his own protection as well as the protection of the staff.

Based on the foregoing evidence the jury found Torres was unable to provide for his basic needs of food, clothing and shelter. The court placed him at Patton State Hospital and reappointed Thomson as conservator.

DISCUSSION

I

 Torres argues the court prejudicially erred in admitting Berlin's opinion testimony that he was unable to provide food, clothing and shelter for himself. Torres' challenge to this evidence is based on an amalgam of the following: the psychiatrist's use of hearsay evidence permitted otherwise inadmissible evidence to be received and expertise was unnecessary on the issue of his inability to take care of himself; he also says portions of the psychiatrist's testimony became unnecessary, thus prejudicial, denying him a fair trial because he admitted he suffered from a mental disorder. Torres admits here that Browning's testimony is substantial evidence to support the finding that he is unable to take care of his basic needs. None of these arguments has merit.

 The issue presented to the jury was whether Torres was gravely disabled under the applicable provisions of the Welfare and Institutions Code. Section 5008, subdivision (h)(1), provides that gravely disabled is "[a] condition in which a person, as a result of a mental disorder, is unable to provide for his basic personal needs of food, clothing, or shelter . . . ." Thus in order to establish a conservatorship the proponent must first prove the proposed conservatee has a mental disorder and that the disorder prevents the proposed conservatee from providing for his or her basic personal needs.
 Although trial counsel in his opening statement told the jury he did not dispute Torres' mental disorder counsel did not stipulate there was a causal relationship between the disorder and Torres' inability to provide for his basic needs. Had there been such a stipulation a jury trial on this issue would have been unnecessary. The court would have merely directed a

verdict based on counsel's stipulation. Consequently testimony tying Torres' mental disorder with his inability to provide for his basic needs was essential. The psychiatrist's testimony was relevant on the disputed issue of the relationship between Torres' mental disorder and his ability to take care of himself.

Berlin, a psychiatrist, was an expert witness who could testify on subjects sufficiently beyond common experience in order to assist the jury in making their factual findings. (See Evid. Code, § 702, subd. (a).) ■ A psychiatrist is permitted to testify on a person's mental capacities and can rely on hearsay including statements made by the patient or by third persons. (*In re Cheryl H.* (1984) 153 Cal.App.3d 1098, 1119-1120 [200 Cal.Rptr. 789].) ■ Although a juror might know whether a person was able to take care of his basic needs a juror cannot determine from common experience whether that inability results from a mental disorder or from some other reason.

The case before us is unlike *Conservatorship of Early* (1983) 35 Cal.3d 244 [197 Cal.Rptr. 539, 673 P.2d 209] where the trial court barred evidence from third persons as to the proposed conservatee's ability to take care of himself. The fact that third persons may eliminate the need for a conservatorship is unrelated to the evidentiary ruling here. Berlin's testimony did not preclude Torres from presenting testimony by third persons that they were willing to assist him in providing for his basic needs.

The case before us is also unlike *Conservatorship of Manton* (1985) 39 Cal.3d 645 [217 Cal.Rptr. 253, 703 P.2d 1147]. *Manton* held that although the investigator's report prepared pursuant to section 5354 may be considered by the court at the initial hearing to determine whether the proposed conservatee is gravely disabled, it is inadmissible in a contested court or jury trial. (§§ 651-652.) *Manton* is a statutory interpretation case which neither reaches nor discusses the due process issue if the statute had authorized introduction of that report. There is nothing in *Manton* which erodes the applicable rules of evidence on opinions expressed by medical experts.

Having conceded the sufficiency of the evidence to establish the conservatorship there is no merit to Torres' contention that the physician's testimony denied him a fair trial. No miscarriage of justice results when a factual finding is made on substantial evidence in an otherwise error free trial.

## II

■ Torres asserts the court erred in appointing Thomson as his conservator because he has an action pending against Thomson for false imprisonment, restrictive supervision and denial of his civil rights.

Disqualification of the public conservator, however, is not automatic upon the filing of a lawsuit by the conservatee. There must be a prima facie factual showing that the conservator has acted contrary to the best interest of the conservatee. Here the record is devoid of any facts which support a finding that Thomson has acted improperly or failed to perform his lawful obligations. We are nonetheless sympathetic with the notion that there is a possibility, remote as it might be, that Thomson might improperly interfere with Torres' lawsuit or improperly direct the dismissal of that action. To resolve that potential problem the trial court shall modify the order appointing Thomson to provide Torres' action cannot be dismissed without a noticed hearing and prior approval of the court.

### DISPOSITION

Judgment affirmed. The case is remanded for further proceedings consistent with this opinion.

Kremer, P. J., and Lewis, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 9, 1986.