[No. D004550. Fourth Dist., Div. One. Feb. 23, 1987.]

Conservatorship of the Person of ISAAC O.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
ISAAC O., Objector and Appellant.

COUNSEL

D. J. Fontilla for Objector and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Chief Deputy County Counsel, Susan A. Crabtree and Mark C. Mead, Deputy County Counsel, for Petitioner and Respondent.

OPINION

TODD, J.—

### FACTS

On March 18, 1986, the Counselor in Mental Health of San Diego County petitioned (Petition) the superior court for that county for appointment of the conservator of the person of Isaac O. (Isaac), a minor nine years of age, pursuant to Welfare and Institutions Code section 5350 et seq. Isaac was personally served with a citation for conservatorship (Citation) and a copy of the petition. The petition indicates a copy of the conservatorship investigation report (Report) was attached to the Petition.

On March 31, 1986, Gloria Garcia, a county employee, filed a declaration of service by mail of the notice of hearing, Petition, and Report on Isaac's counsel and upon Robert S. Stasko, M.D., Isaac's treating psychiatrist. On the same date, Mrs. Garcia filed a declaration of service by mail of the notice of hearing and Petition on Isaac's mother and siblings. A proof of personal service executed by Ellie Gonzalez was filed with the superior court April 3, 1986, reflecting service of Petition and Citation on Isaac on April 1, 1986. Hearing on the Petition was noticed for April 15, 1986, but Isaac filed a "Waiver of Hearing and Demand for Jury Trial; Trial Setting Memo" on April 7, 1986. The jury trial was set for April 21, 1986. Hence, the April 15 hearing was ordered off calendar.

On April 21, 1986, the trial court heard Isaac's motion to dismiss the Petition for lack of jurisdiction. The motion was denied, but the trial court granted a requested two-day delay to permit counsel for Isaac to become fully prepared concerning material contained in the Report, counsel contending neither he nor Isaac had received or had been served with the Report.

On April 23, 1986, the trial court attempted to elicit from Isaac a waiver of his right to jury trial. Determining the minor did not understand the proceedings, a waiver of jury trial was accepted from counsel on behalf of Isaac. Isaac's parents were personally present. The trial proceeded with the court hearing testimony from the treating psychiatrist, who rendered the opinion Isaac suffered from a conduct disorder and was unable to utilize materials provided him to ensure adequate provision of food, clothing, and shelter. The psychiatrist testified as to the matters he considered in forming his opinion. The trial court found Isaac gravely disabled and appointed the Public Conservator as conservator of Isaac's person, ordering Isaac to be placed at Camarillo State Hospital as the least restrictive placement available for Isaac. Counsel for Isaac agreed to such placement. Isaac filed a notice of appeal from the finding of grave disability and the order appointing conservator of the person.

DISCUSSION

I

■ Isaac claims the trial court had no jurisdiction to entertain the Petition because Isaac was not personally served with a copy of the Report. There is no merit in this contention. It is clear from the record below, Isaac was served with the Petition and Citation. The Petition recites it included an attached copy of the Report. At the oral argument in this case, counsel for respondent conceded on the record the Report was not actually attached to the Petition personally served on Isaac. It was error not to transmit the

Report to Isaac, but this failure did not deprive the court of jurisdiction in the proceeding. (Welf. & Inst. Code, § 5354; *Conservatorship of Ivey* (1986) 186 Cal.App.3d 1559 [231 Cal.Rptr. 376].) The personal service of the two documents—Petition and Citation—on Isaac, together with other circumstances detailed below, provided personal jurisdiction over Isaac. (Welf. & Inst. Code, §§ 5352, 5352.5, 5354.)

At the April 21, 1986, hearing in Isaac's motion to dismiss, the trial court provided Isaac's counsel with a copy of the Report and granted him additional time, as requested by counsel, to prepare in connection with the matters contained therein. Before the hearing, Isaac's counsel had reviewed the Petition and Report in the court file. At the court trial on the Petition, Isaac's counsel announced he was ready to proceed on behalf of his client. When the trial court made its findings and order, counsel for Isaac stated he had discussed the state hospital committment with his client there was no objection to it.

Based upon these facts and circumstances, we hold the trial court had personal jurisdiction over Isaac for all proceedings concerning the Petition. Under the doctrine of *Conservatorship of Ivey, supra,* 186 Cal.App.3d 1559, 1566: "... based on trial counsel's assumed competence we are satisfied that Ivey's [Isaac's] lawyer fully communicated with her [him] about these entire proceedings including the contents of the investigation report. Lacking any hint to the contrary, there is no reason to reverse an order that was made in a fair hearing."

## II

■ Isaac next contends verification of the Petition by Mental Health Counselor Robert A. Deney, rather than his superior, Counselor in Mental Health of San Diego County, W. D. Miller, deprived the superior court of jurisdiction. Concerning verification of the Petition, Code of Civil Procedure section 446 states, in pertinent part, as follows: "In all cases of a verification of a pleading, the affidavit of the party shall state that the same is true of his own knowledge, except as to the matters which are therein stated on his or her information or belief, and as to those matters that he or she believes it to be true; and where a pleading is verified, it shall be by the affidavit of a party, unless the parties are absent from the county where the attorney has his or her office, or from some cause unable to verify it, or the facts are within the knowledge of his or her attorney or other person verifying the same. *When the pleading is verified by the attorney, or any other person except one of the parties, he or she shall set forth in the affidavit the reasons why it is not made by one of the parties.*" (Italics added.)

The verification of the Petition by Robert A. Deney read as follows:

"VERIFICATION

"I am a Mental Health Counselor II, employed in the office of W. D. Miller, Counselor In Mental Health, the petitioner in this matter; I am more familiar with the facts alleged in the petition than is the petitioner; I have read the foregoing petition; I am informed and believe that the matters in it are true and on that ground allege that the matters stated are true except those alleged on information and belief, and as to those matters I believe them to be true.

"I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on March 18, 1986.

"/s/ Robert A. Deney

"Mental Health Counselor"

The reason for the verification by Mr. Deney is clearly set forth, as is required by Code of Civil Procedure section 446. Mr. Deney's greater familiarity with the facts is more than sufficient to validate his verification of the Petition. Further, respondent correctly cites *United Farm Workers of America* v. *Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912, 915 [210 Cal.Rptr. 453, 694 P.2d 138], for the rule verification of a pleading is not a jurisdictional requirement in California.

### III

 Counsel, on the record, formally waived Isaac's right to a jury trial on the question of his alleged grave disability. Isaac now asserts this was prejudicial error as violative of procedural due process.

 In a Lanterman-Petris-Short conservatorship proceeding the court shall hear and determine the matter of the establishment of the conservatorship according to the law and procedure relating to the trial of civil actions, including trial by jury if demanded. A trial by jury may be waived by oral consent, in open court, entered in the minutes or docket. An attorney has authority to bind his client in any of the steps of an action or proceeding by his agreement entered upon the minutes of the court. (*Conservatorship of Maldonado* (1985) 173 Cal.App.3d 144, 147-148 [218 Cal.Rptr. 796].) The waiver of jury trial by counsel was lawful.

Isaac contends, without citation of authority, his waiver of hearing and demand for jury trial was unlawful and prejudicial since uttered by counsel and not Isaac personally. The rule of *Maldonado, supra,* 173 Cal.App.3d 144, 148, applies to this contention as well. There is no error in this procedure.

## IV

█ Finally, it is contended the trial court had insufficient evidence on which to base its findings and orders.

The trial court received testimony from psychiatrist Robert Steven Stasko, M.D., director of the children's in-patient unit at county mental health, where Isaac was housed from September 1985 until February 1986, then again from February 1986 through the trial date, April 23, 1986. The psychiatrist usually observed Isaac three times each week during these time periods. He examined the boy and diagnosed his condition as "[c]onduct disorder, under socialized, aggressive sub-type." In reaching his diagnosis and opinion, the psychiatrist relied upon psychological test results and findings by others and the records maintained by staff at the in-patient unit where Isaac was housed. These sources revealed repetitive episodes of aggressive behavior by Isaac, consisting of hitting and kicking others, stealing property of others, runaway attempts, urinating into a baby's crib, smearing urine and feces, and requiring physical restraints within a classroom.

The psychiatrist opined Isaac was unable to use the elements of life which are essential to health, safety, and development, including food, clothing, and shelter, even though those elements were provided to him by others. This inability was attributed to Isaac's mental disorder. The prognosis for Isaac was quite guarded.

Based upon the psychiatric testimony, the trial court found Isaac to be gravely disabled as a result of a mental disorder, and the appointment and commitment orders were then made.

Isaac contends the hearsay material relied upon by the psychiatrist is prejudicially improper. He further contends nothing but hearsay was considered by the psychiatrist.

Considering the matters relied upon by the psychiatrist, we refer to *Conservatorship of Torres* (1986) 180 Cal.App.3d 1159, 1163 [226 Cal.Rptr. 142], a recent decision of this court: "Berlin, a psychiatrist, was an expert witness who could testify on subjects sufficiently beyond common experience in order to assist the jury in making their factual findings. (See Evid. Code, § 702, subd. (a).) A psychiatrist is permitted to testify on a person's mental

capacities and can rely on hearsay including statements made by the patient or by third persons. (*In re Cheryl H.* (1984) 153 Cal.App.3d 1098, 1119-1120 [200 Cal.Rptr. 789].) Although a juror might know whether a person was able to take care of his basic needs a juror cannot determine from common experience whether that inability results from a mental disorder or from some other reason." Under this standard, Dr. Stasko's testimony was admissible and substantial. In fact, no other evidence was presented to the trial court on the issue of Isaac's alleged grave disability.

In addition, Dr. Stasko testified to and relied upon his personal observations and examination of Isaac in forming his opinions. These personal observations also constitute substantial evidence in support of the trial court's findings and orders.

■ In connection with this claim that insufficient evidence supported the trial court's findings and orders, "[t]he principles of review which must guide us are elementary. As we said over four decades ago in *Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183], a 'reviewing court is without power to substitute its deductions for those of the trial court.' More recently *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925-926 [101 Cal.Rptr. 568, 496 P.2d 480], emphasized that 'In resolving the issue of the sufficiency of the evidence, we are bound by the established rules of appellate review that all factual matters will be viewed most favorably to the prevailing party [citations] and in support of the judgment . . . . "In brief, the appellate court ordinarily *looks only at the evidence supporting the successful party, and disregards the contrary showing.*" (6 Witkin, Cal. Procedure [2d ed. 1971] § 249, at p. 4241.) All conflicts, therefore, must be resolved in favor of the respondent.' (Italics in original; also see *Cecka* v. *Beckman & Co.* (1972) 28 Cal.App.3d 5, 14 [104 Cal.Rptr. 374].)" (*Campbell* v. *Southern Pacific Co.* (1978) 22 Cal.3d 51, 60 [148 Cal.Rptr. 596, 583 P.2d 121].)

■ Relying on the foregoing rule, it is clear that the evidence was not only substantial, but was not even contested by any contrary evidence on the issue of Isaac's grave disability.

The judgment is affirmed in all respects.

Kremer, P. J., and Lewis, J. concurred.