Filed 12/15/22  Conservatorship of C.O. CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person of C.O.<br>_____<br><br>MARY ANN WARREN, as Public Guardian, etc.,<br><br>       Petitioner and Respondent,<br><br>       v.<br><br>C.O.,<br><br>       Objector and Appellant. | H048150<br>(Santa Clara County<br> Super. Ct. No. 1-95-MH-032662) |

Objector and appellant C.O.[1] challenges an April 2020 order reappointing the Santa Clara County Public Guardian (public guardian) as his conservator under the Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 5000 et seq.[2]).  He maintains the trial court erred by failing to personally advise him of his jury trial right and for failing to elicit a valid waiver of that right.

This is the second appeal brought by C.O. raising claims related to jury trial advisement and waiver.  In 2021, while this appeal was pending, this court rendered a

---

[1] We refer to appellant by his initials to protect his privacy interests.  (Cal. Rules of Court, rule 8.90(b)(2).)

[2] Unspecified statutory references are to the Welfare and Institutions Code.

decision on those issues in the context of a prior renewal of C.O.'s annual LPS conservatorship. (See *Conservatorship of C.O.* (2021) 71 Cal.App.5th 894 (*C.O.*).)

It is undisputed that this appeal is moot in light of the termination of the conservatorship at issue. In light of this court's recent decision in *C.O.*, we decline to exercise our discretion to decide the merits of C.O.'s claims. Accordingly, we will dismiss the appeal.

## I. FACTS AND PROCEDURAL BACKGROUND

C.O., who suffers from mental illness, has been the subject of a number of LPS proceedings.[3]

An LPS conservatorship automatically terminates after one year. (§ 5361.) The annual LPS conservatorship that preceded the public guardian reappointment that is the subject of this appeal was set to expire in April 2020.

Prior to the conservatorship's expiration, the trial court sent a notice to reestablish conservatorship (notice) to C.O. at the assisted living facility at which he was residing. The notice stated that the one-year conservatorship would terminate in April 2020 and that the conservator (i.e., the public guardian) had until March 27, 2020, to petition the court for reappointment. Additionally, the notice stated, "Subject to a request for a court hearing by jury trial the judge may, on his or her own motion, accept or reject the conservator's petition." Also related to a jury trial, the notice stated that if the conservator petitioned to be reappointed, several persons (including the proposed conservatee's attorney) "shall be notified." The notice stated that there would be a court hearing or jury trial if requested by certain persons, such as the proposed conservatee's attorney.

---

[3] It is not clear from the record when C.O. was first placed under a conservatorship. As the underlying details of C.O.'s mental illness are not material to our analysis, we do not recount them here.

On March 12, 2020, the public guardian petitioned for reappointment as conservator for C.O., alleging he remained gravely disabled and, as the result of a mental disorder, unable to provide for his own basic needs for food, clothing, or shelter. (§ 5008, subd. (h)(1)(A).)  The petition was supported by declarations from two physicians.  (§ 5361.)

The trial court issued a written citation for conservatorship (§ 5350; Prob. Code, § 1823), which was served on C.O. and his appointed attorney from the public defender's office.  The written citation ordered C.O. to appear at a hearing on March 26, 2020, and stated, inter alia:  "You have the right to a court or jury trial on the issue of grave disability.  The request for a jury trial must be made within five days of the hearing."

On March 26, 2020, the trial court held a status hearing on the public guardian's reappointment petition for C.O.  C.O. was not personally present but was represented by his attorney.  The trial court and C.O.'s attorney had a brief exchange, in which the attorney stated "I had a chance to speak to [C.O.] this week" and "[h]e is requesting a court trial in this matter."  The trial court responded that it would set April 30, 2020, as the date for trial.[4]

The trial court conducted the court trial on the scheduled date.  Both C.O. and his attorney were present.  Neither C.O. nor his attorney requested a jury trial, and neither objected to the court trial.

The public guardian presented two witnesses:  C.O. and an expert psychologist (Dr. Gregory Salerno) who had interviewed C.O. on April 28, 2020, as well as in 2017,

---

[4] The public guardian, by letter dated November 8, 2021, notified the trial court clerk that the reporter's transcript was missing a portion of the hearing held on March 26, 2020, which the public guardian asserted contained "introductory statements" made by either C.O.'s attorney, another individual, or the trial court at the beginning of the hearing, including "any pertinent waivers [C.O.'s attorney] was making on behalf of the clients appearing on that day's calendar."  In response, the court reporter filed an affidavit stating the statements requested were not placed on the record.

2018, and 2019 related to prior conservatorship proceedings. Dr. Salerno opined that C.O. was gravely disabled as defined under the LPS Act and C.O. could not provide for his own food, clothing, and shelter. C.O.'s attorney cross-examined Dr. Salerno. C.O.'s attorney did not cross-examine C.O. and did not offer any additional evidence.

At the conclusion of the hearing, the trial court found that C.O. was gravely disabled and reappointed the public guardian as his conservator for an additional year.[5] The trial court stated, inter alia, "I'm prepared to find that notice and advisements having been provided as required by law, based upon the evidence that is contained in the record, I am finding that beyond a reasonable doubt you do remain a gravely disabled person within the legal definition of the term."

C.O. timely appealed the April 2020 order. This conservatorship expired in April 2021.

During the pendency of the present appeal, this court issued in 2021 its decision of *C.O.*, *supra*, 71 Cal.App.5th 894 related to C.O.'s prior annual LPS conservatorship (which existed in 2019-2020) and addressed identical legal issues related to jury trial advisement and waiver of the jury trial right. C.O. contended, as he does here, that the Santa Clara County Superior Court (trial court) violated his statutory rights, as well as his constitutional rights to due process and equal protection, by failing to advise him on the record of his right to a jury trial and by failing to take a waiver of his jury trial right. (*Id.* at pp. 902–903.)

In *C.O.*, this court agreed with C.O. that the language of Probate Code section 1828, subdivision (a)(6), requires a trial court to advise a proposed conservatee directly of his or her jury trial right. (*C.O.*, *supra*, 71 Cal.App.5th at p. 909.) This court decided that, based on the language of section 5350 and Probate Code section 1828, subdivision (a)(6), "where . . . the proposed conservatee is able to and willing to attend the hearing

_____

[5] C.O. does not challenge on appeal the trial court's finding of grave disability.

4

(cf. Prob. Code, § 1825), the trial court must directly advise a proposed conservatee of his or her right to a jury trial over the matter of the establishment or reestablishment of the conservatorship." (*C.O.*, at p. 909.) This court ultimately determined the failure to advise was harmless on the record before it. (*Id.* at p. 919.)

Additionally, regarding C.O.'s claim related to the jury trial waiver, this court adhered to its prior conclusion in *Conservatorship of Maldonado* (1985) 173 Cal.App.3d 144, 148, and held "that (absent circumstances suggesting the proposed conservatee's counsel lacked actual authority, counsel disregarded his client's wishes, or that the proposed conservatee was actually unaware of his right to a trial by jury) counsel may waive on behalf of the proposed conservatee his or her right to have the matter of establishment or reestablishment of the conservatorship decided by jury trial." (*C.O.*, *supra*, 71 Cal.App.5th at p. 911.) This court determined that the LPS Act did not require a personal on-the-record waiver of the jury trial right. (*Id.* at p. 912.) This court furthermore rejected C.O.'s assertion that the trial court was required to elicit a personal waiver on the record of his right to jury trial based on due process and equal protection principles. (*Id.* at pp. 913–917.)

## II. DISCUSSION

C.O. acknowledges that the decision of *C.O.* rendered in his prior appeal addressed the same claims he raises in this appeal. Nevertheless, he maintains that the California Supreme Court's recent decision in *Conservatorship of Eric B.* (2022) 12 Cal.5th 1085, 1102–1197 (*Eric B.*), issued after this court's opinion in *C.O.*, supports the constitutional claims advanced by C.O. in the present appeal.

Both parties agree that the LPS conservatorship that is the subject of this appeal automatically expired by operation of law in April 2021. C.O. nevertheless maintains that this appeal is not moot because "the waiver issue in this case is likely to recur at [C.O.'s] future trials" and points out that this is the second time he has raised the waiver issue, citing to *C.O.* He further appears to argue there is an ongoing impact in the form

5

of a " 'continuing stigma' " related to his commitment and that " 'collateral consequences [of the conservatorship] remain even after the conservatorship has been terminated,' " citing to *Conservatorship of Carol K.* (2010) 188 Cal.App.4th 123, 133 and *Conservatorship of Wilson* (1982) 137 Cal.App.3d 132, 136.

As the LPS conservatorship of C.O. at issue expired in April 2021, the present appeal is moot. (See, e.g., *Conservatorship of K.P.* (2021) 11 Cal.5th 695, 705, fn. 3 (*K.P.*).) Moreover, we are not persuaded by C.O.'s general arguments challenging mootness on the grounds of future proceedings, stigma, and other collateral consequences. C.O. does not develop these claims with any specificity.

C.O. maintains that even if the current appeal is technically moot we should address its merits because it involves a recurring problem that would otherwise evade review. It is well-established that courts have discretion, notwithstanding mootness, to address and resolve issues likely to recur in the future and also likely to continually evade review if not evaluated in the present appeal. (See, e.g., *Eric B.*, *supra*, 12 Cal.5th at p. 1094, fn. 2; *K.P.*, *supra*, 11 Cal.5th at p. 705, fn. 3.) This discretion is often exercised in LPS conservatorship appeals given the short duration of conservatorships. (*K.P.*, at p. 705, fn. 3.) Indeed, this court in *C.O.* exercised that discretion to consider C.O.'s moot appeal. (*C.O.*, *supra*, 71 Cal.App.5th at pp. 903–904.)

While we are cognizant of our discretion to consider this moot appeal, we do not agree that it presents an important issue likely to evade review. The present appeal involved trial court orders and hearings in 2020 that predate our 2021 decision in *C.O.* Additionally, in *C.O.*, this court addressed the same claims related to jury trial advisement and waiver and explained the statutory requirements with which the trial court must comply. We trust that the Santa Clara County Superior Court is aware of this court's decision in *C.O.* As it makes clear, the trial court must personally advise the proposed conservatee of his or her jury trial right when the proposed conservatee is able to and willing to attend the hearing (*C.O.*, *supra*, 71 Cal.App.5th at pp. 908–909) and

6

obtain a waiver of that right from the person or the person's counsel.  (*Id*. at p. 910.)  We are not persuaded that we should reach the merits of the claims made in this moot appeal in light of our recent treatment of them in *C.O.*

### III.  DISPOSITION

The appeal is dismissed as moot.

_____

                      Danner, J.

WE CONCUR:

_____

Bamattre-Manoukian, Acting P.J.

_____

Wilson, J.

**H048150**
*Warren, as Public Guardian v. C.O.*